HENRY H. JENNINGS *vs.* HERBERT C. PARSONS.

Third Judicial District, Bridgeport, Oct. Term, 1898. ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The rule of practice (IV. § 6, 58 Conn. 577) which compels the defend-
ant's attorney to state orally whether he honestly believes there is a
*bona fide* defense to the action, also its nature and substance, and
whether a trial will be had, does not authorize the trial court to
summarily pass upon the legal validity or sufficiency of the defense
which is in good faith disclosed by the attorney, in compliance with
the rule.

This rule, though in terms a rule of the Superior Court, is also by virtue
of § 733 of the General Statutes a rule of the Court of Common
Pleas.

Set-off, although not technically a "defense," is to be regarded as one
within the meaning of the foregoing rule.

Argued November 9th, 1898—decided January 4th, 1899.

ACTION by the payee against the indorser of three promis-
sory notes, brought to the Court of Common Pleas in Fair-
field County where judgment was rendered (*Curtis, J.*) for
the plaintiff for the full amount of his claim, upon the ground
that the defense orally disclosed by the defendant's attorney,
in compliance with the order of court, did not constitute a
legal defense available to the defendant, from which judg-
ment the latter appealed for alleged errors in the rulings of
the court. *Error and judgment set aside.*

The material facts in this case are as follows: The com-
plaint, as finally amended, set forth the liability of the de-
fendant to the plaintiff as that of an indorser upon three
promissory notes therein described, for the amount, in the
whole, with interest, of $927.45. In May, 1898, the court
ordered the defendant to file his answer to the complaint on
or before June 3d, 1898. In obedience to said order, the de-
fendant filed the following, properly signed and entitled, as
his answer: "1. The defendant claims by way of set-off, that
the plaintiff at the time of the commencement of this action,
was and still is indebted to the defendant in the sum of $600.

2. The defendant offers to set off said debt." Thereupon the plaintiff moved the court to disallow and strike out said answer, and render judgment in his favor, for failure of the defendant to comply with the order for an answer; and also " for a disclosure by defendant's counsel of the defense to be made to said action, and a statement of the nature and substance thereof." The court refused to grant the first motion, but "ordered that defendant's counsel make disclosure of the defense to be made to said action and the nature and substance thereof." Whereupon the defendant's counsel " orally disclosed that defendant had no defense to the notes that were set forth in the complaint and made the subject-matter of said action, except that there was a set-off, claimed by him, which he claimed to have against the plaintiff and which he desired to avail himself of in said action, which consisted of a certain balance which defendant claimed would be found to be due him upon an accounting between the plaintiff and defendant, as former partners in a business enterprise in which they had previously been engaged; that said partnership had been dissolved and each of said partners had paid sundry partnership accounts; that no accounting had been held between them and they were at issue regarding the condition of the account, each of them claiming a balance from the other, and that such partnership accounting would be demanded by defendant under his set-off in this action. It was also disclosed that the defendant had already brought an independent suit against the plaintiff for such accounting, which suit was and still is pending in the Superior Court for Hartford county, and in which action all of the matters which defendant discloses under his set-off will necessarily be determined. Said counsel further stated that in his judgment there was a *bona fide* defense to said action as aforesaid, and that such defense would be made, and that there would be a trial of said action in his opinion. . . . The court ruled that the facts stated in said oral disclosure so made, did not disclose a legal defense to said cause of action, and could not be made available to the defendant in said action, and thereupon rendered judgment for the plaintiff. At said hearing

on motion to disclose, counsel for the defendant claimed: *First*, that the motion to disclose should not be entertained, an answer by the defendant having been filed which on its face disclosed a good defense; *second*, that the counsel for the defendant having disclosed the nature and substance of his defense, and having stated that in his opinion such defense was a *bona fide* one and that the same would be made and that there would be a trial of the action, said court could not pass upon the sufficiency or validity of such defense upon said motion to disclose. but that the validity or sufficiency of such defense could only be raised and tested by demurrer or other pleadings; *third*, that upon the facts disclosed the defendant had a sufficient and valid defense in equity, and could avail himself of said defense in this action."

The court overruled all of said claims in so far as to render judgment for the plaintiff.

*George B. Fowler*, for the appellant (defendant).

*Stiles Judson, Jr.*, for the appellee (plaintiff).

TORRANCE, J.   The important question in this case is, whether the court below, under the circumstances stated on the record, was justified in rendering judgment for the plaintiff.   The oral disclosure of defense was ordered and made solely under the provisions of § 6, Rule IV. of the General Rules of Practice (58 Conn. 577), which reads as follows: " Sec. 6. In causes in which there shall be an appearance by attorney for the defendant in the Superior Court, the plaintiff may at any time require such attorney to state to the court whether he has satisfactory reasons to believe, and does in truth believe, that there exists a *bona fide* defense to the plaintiff's action, and whether such defense will be made, together with the nature or substance of it, and whether there will be a trial in such cause.   And if such attorney shall refuse to disclose as required, or shall not satisfy the court that such defense will be made or such trial had, the court may order judgment to be entered for the plaintiff.

"If such attorney, upon such inquiry, shall intentionally mislead the court, or shall make a false statement with a view to procure the continuance or postponement of said action, the court may suspend him from practice as an attorney in said court for such time as it shall deem proper."

This rule, though in terms a rule of the Superior Court, is also by adoption and under § 733 of the General Statutes, a rule of the court below.

Although technically a set-off pure and simple is not a defense, it is in effect one, either in whole or in part, and we think it should be held to be one within the meaning of the rule in question. At all events, for the purposes of the present discussion, we will assume it to be such a defense.

The express language of this rule gives the court power to render judgment for the plaintiff only in two contingencies : (1) if the attorney shall refuse to disclose as required; or (2) if he shall not satisfy the court that the defense will be made or trial had. In the case at bar the finding is, in effect, (*a*) that the attorney fully disclosed as required; (*b*) that he satisfied the court that the defense would be made and the trial had. It thus appears that the defendant's counsel fully complied with the rule, and that the court had no authority under the rule to render the judgment complained of, unless such authority is conferred by implication.

The ground upon which the court below proceeded was, not that the attorney had failed to comply with the rule, but that, having complied with it, his disclosed defense was not a legal one nor an available one in this case. The court thus, in effect, decided that in this informal and summary proceeding it had power, under the rule, to pass upon the legal sufficiency of the proposed defense and to render judgment in favor of the plaintiff, if the court found the defense to be legally insufficient.

Clearly the rule does not expressly confer any such power, nor do we think it does so by implication. One of the purposes of this rule is to enable the plaintiff, at an early stage of the proceedings, to ascertain whether a defense is in good faith claimed to exist, and is honestly intended to be made,

or whether it is a mere sham defense to be interposed merely for delay. To this end it provides a speedy, informal, and summary way of probing the conscience of the counsel for the defendant with respect to this matter, by compelling him to state orally to the court his belief that a *bona fide* defense exists, and will be made in good faith. He is required to state "whether he has satisfactory reasons to believe, and does in truth believe" these things. He can also be required to state "the nature or substance" of the defense.

It is evident from the language of the rule, that the chief thing to be determined in a proceeding under it is the real belief of the counsel and his good faith in this matter, rather than the validity or sufficiency in point of law or of fact of the defense stated. True, he is to state the nature or substance of that, but he may do this in very general terms and in the most informal manner. He is, we think, required to state the nature or substance of the defense, on account of its bearing upon the question of the reasonableness of his belief and the question of his good faith in this matter, and not for the purpose of enabling the court to pass finally upon the truth or the legal sufficiency or availability of the stated defense.

The procedure under the rule is sufficiently well adapted for ascertaining whether the counsel really and honestly believes that a good defense exists, and that he really and honestly intends to make it; it is not at all adapted for trying and finally determining the truth or legal sufficiency of the stated defense. In a proceeding under the rule, the nature or substance of the defense stated should be regarded chiefly as bearing upon the real belief, good faith and intention of the counsel making the statement. If he has complied with the rule, that is, has disclosed as required, and satisfied the court of his belief and good faith and intention to make the defense, then the truth or the legal sufficiency of it should be left to be tried and determined in the ordinary and regular way.

This rule, in substantially its present form, has been in existence for a great many years, and so far as we are aware the

practice under it has been uniformly in accordance with the views herein expressed. No inconvenience appears to have resulted from this practice, and we can see no advantages to be gained by changing the practice under the present rule. If the disclosed defense in a given case is clearly and palpably untruthful, or irrelevant, or utterly frivolous, it would indicate bad faith on the part of the counsel, and might warrant the court in holding that it was not satisfied either that the attorney believed that a *bona fide* defense existed, or that he intended to make it; but that is a very different thing from passing upon the legal sufficiency of an apparently good defense, believed in good faith to exist, and honestly intended to be made.

In the case at bar we think the court had no power to pass upon the legal sufficiency of the proposed defense at that stage of the case, and no power to render judgment for the plaintiff as it did.

Upon the question whether the defendant can avail himself of his disclosed set-off in this case, we express no opinion.

There is error in the judgment complained of and it is set aside.

In this opinion the other judges concurred.