In this action brought to recover for labor and materials furnished to the defendant, the plaintiff moved for disclosure of defense or judgment. On the defendant's failure to disclose within three weeks as ordered by the court, judgment was rendered for the plaintiff. The defendant has appealed, assigning as error the action of the court in granting the motion of the plaintiff for disclosure of defense or judgment.
The record shows that the defendant entered an appearance for himself. We take judicial notice, and the defendant admits, that he is an attorney admitted to practice in this state. The defendant claims that, although he is an attorney, he is not bound by the rules of practice requiring disclosure of defense by attorneys, because he has entered an appearance for himself.
The rules of practice of the Superior Court provide for disclosure of defense by an attorney for a defendant or judgment for the plaintiff, and permit an attorney who intentionally or recklessly makes *Page 521 
a false statement in such a disclosure to be disciplined. Practice Book 176.[1] That rule of practice was applicable to the Circuit Court. General Statutes 51-269 (later amended; see 51-164g); Practice Book 800; see Practice Book 800A. The design of the rule is not to cut off meritorious defenses but to avoid dilatory tactics, advance justice, and speed the date of judgment. Jennings v. Parsons, 71 Conn. 413, 416; see Practice Book 547; 71 C.J.S., Pleading, 177. Compare Practice Book 176 with Practice Book 302, which provides that when an affidavit is made or presented in bad faith in a proceeding for summary judgment, any offending party or attorney may be adjudged guilty of contempt, and any offending attorney may also be disciplined by the court. Those rules are designed to put teeth into the requirement that pleadings be in good faith. 1 Stephenson, Conn. Civ. Proc. (2d Ed.) 133.
The defendant does not dispute that Practice Book 176 was valid and applicable in the Circuit Court, but he does claim that it should not be construed to apply to him because he has entered an appearance for himself. Rules of practice must be construed reasonably and with consideration of their purpose. 20 Am.Jur.2d, Courts, 86. Rules, *Page 522 
like statutes, must be interpreted as they are written. Mancinone v. Warden, 162 Conn. 430, 439. If the meaning of a rule is not clear from its language, its historical background is relevant. State v. Ewing, 404 S.W.2d 433, 436 (Mo.App.).
Section 176 may be traced back to a time before the enactment of the Practice Act in 1879. Rules of Practice, c. 2 7 (1847), 18 Conn. 561, 562. The rule has survived substantially unchanged. The rule then as now applied in any case in which there shall be "an appearance by attorney for the defendant" and provided that "if such attorney . . shall intentionally [or recklessly] . . . make a false statement with a view to procure the continuance or postponement of [an action] . . . the court may suspend him from practice as . . . attorney." It is significant that the rule in 1847 was included in the chapter entitled "Attorneys." The rule was also included in the revised rules of practice, adopted after the enactment of the Practice Act, in the chapter entitled "Attorneys." Rules of Practice, pt. 2, c. 4 6 (1890), 58 Conn. 561, 576.
Ordinarily an appearance is made through an attorney, but any party may appear for himself. Practice Book 42; Beardsley v. Beardsley,144 Conn. 725, 729. When an attorney appears before the court in either instance, it is expected that his conduct will be characterized by candor and competence. An attorney admitted to practice is an officer of the court. In re Durant, 80 Conn. 140,147. As such, he is subject to the rules and orders of the court before which he acts and may be disciplined for just cause. General Statutes51-84. It would be a strained interpretation of 176 that would allow an officer of the court appearing before the court, either as an individual or in a representative capacity, to shed his status and responsibility *Page 523 
as such. The clear language of 176, its purpose and its history, compel us to decide that it applies to an attorney who is admitted to practice, whether he is appearing for himself or another.
The trial court correctly applied Practice Book 176 in granting the motion of the plaintiff for disclosure of defense by the defendant.
 There is no error.
In this opinion SPEZIALE and SPONZO, Js., concurred.