Mieczyslaw Wojciechowski *v.* Veronica Plonka

Appellate Session of the Superior Court

File No. 44

Argued June 10—decided August 27, 1975

*Martin F. Stempien,* for the appellant (defendant).

*John V. Zisk,* for the appellee (plaintiff).

Per Curiam. An examination of the record and file of this case reveals the following: On October 24, 1973, the plaintiff instituted an action to foreclose a judgment lien on an undivided one-half interest which the defendant had in certain real estate. The defendant, on November 21, 1973, filed an appearance through an attorney. Thereafter, on April 22, 1974, the plaintiff moved for disclosure of defense and judgment in accordance with § 176[1]

---

[1] "[Practice Book] Sec. 176 DISCLOSURE OF DEFENSE. In any case in which there is an appearance by attorney for the defendant the plaintiff may at any time require such attorney to present to the court, to become a part of the file in such case, a writing signed by him stating whether he has reasons to believe and does believe that there exists a bona fide defense to the plaintiff's action and whether such defense will be made, together with a general statement of the nature or substance of such defense. If such attorney shall fail to disclose as required, or shall not satisfy the court that such defense will be made, the court may order judgment to be entered for the plaintiff; and if such attorney shall intentionally or recklessly make a false statement with a view to procure the continuance or postponement of an action, the court may suspend him from practice as attorney in said court for such time as it shall deem proper."

of the Practice Book. That motion was granted on June 24, 1974, and the defendant was ordered to comply within two weeks. The court held a hearing for judgment on July 22, 1974, and at the same time the defendant filed an answer and special defense. As a result of that hearing, the court rendered judgment in favor of the plaintiff on September 25, 1974. It is from that judgment that the defendant has appealed.

The assignment of errors filed by the defendant is most confusing and utterly fails to comply with § 568E of the Practice Book which requires that "[t]he assignment of errors shall be specific and shall directly assert that the trial court committed error in the respects specified, in substantial compliance with Form 819 (A) and (B)." It appears, however, that the principal contention of the defendant is that the court erred in rendering judgment for the plaintiff because the plaintiff did not file a motion for default for failure to plead on the part of the defendant.

In support of her contention that the plaintiff was required to file a motion for default for failure to plead before judgment could be entered against her, the defendant cites § 52-121 of the General Statutes. That statute is inapplicable. Section 52-121 is concerned with motions for judgment by default or nonsuit for failure to plead. In this case we are dealing with § 176 of the Practice Book, which is concerned with motions for disclosure of defense and judgment.

The defendant fails to comprehend the purpose and significance of that rule. "One of the purposes of this rule is to enable the plaintiff, at an early stage of the proceedings, to ascertain whether a defense is in good faith claimed to exist, and is

honestly intended to be made, or whether it is a mere sham defense to be interposed merely for delay. To this end it provides a speedy, informal, and summary way of probing the conscience of the counsel for the defendant with respect to this matter, by compelling him to state orally to the court his belief that a *bona fide* defense exists, and will be made in good faith." *Jennings* v. *Parsons,* 71 Conn. 413, 416. Section 176 of the Practice Book is a rule of long standing and has remained substantially unchanged over the years. *Densmore* v. *Eyles,* 32 Conn. Sup. 519, 522. The only significant change is that the statement of counsel is to be made in writing. The design of the rule is not to terminate meritorious defenses but to avoid dilatory tactics. It is similar to our rules on summary judgment as far as purpose is concerned.

When the motion for disclosure of defense was granted on June 24, 1974, the defendant's attorney was required to file a statement in writing within two weeks to the effect that he had reason to believe and did believe that there existed a bona fide defense to the plaintiff's action and that such a defense would be made, together with a general statement of the nature or substance of such defense. The defendant failed to comply with § 176 of the Practice Book. The filing of an answer and special defense by the defendant did not constitute compliance with the rule but was merely an attempt to avoid the purpose and design of the rule.

Although the judgment file indicates that a default was entered because of failure to disclose a defense and judgment rendered, it was not necessary for the court to make reference to a default. Since the defendant indicated neither that there would be no defense nor that a defense would be made, it became the duty of the court under Practice Book § 176 to render judgment for the plain-

tiff without a hearing on any further matters except for the necessary ascertainment of the amount due on the lien. *Lampson Lumber Co.* v. *Chiarelli,* 100 Conn. 301, 313.

There is no error.

SPEZIALE, A. ARMENTANO and SPONZO, Js., participated in this decision.