[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE
In this action by the plaintiff to foreclose a judgment lien, the defendant has filed an answer, special defenses, a cross complaint (counterclaim) and a disclosure of defense made by her attorney. The judgment lien is founded on a judgment obtained by the plaintiff against the defendant in another action, Bank of S.E. Connecticut v. Vin's Auto Center, Inc., CV88-508415, based on her guaranty of a certain promissory note and credit lines executed by her husband and a corporation in which defendant and her husband were officers. The special defenses allege generally that the guaranties were fraudulently obtained, while the counterclaim alleges that the actions of the plaintiff in obtaining the guaranties from the defendant violated the Connecticut Unfair Trade Practices Act (CUTPA), Connecticut General Statutes Section 42a-110, et seq.
The plaintiff moves to strike the disclosure of defense, answer, special defenses and "cross-complaint," on the ground that they raise issues that could and should have been litigated in the earlier action, and that the judgment in that earlier action was final and res judicata to the defendant's claim.
She asserts that at the time she executed the guaranties she was gravely ill with cancer, that the plaintiff knew the defendant and her husband (who she guaranteed the loans for) were going through a divorce when the plaintiff advanced further funds to the husband, and that the plaintiff misrepresented the nature of the guaranty to the defendant, and that since a foreclosure is essentially an equitable action, she ought to be, as a matter of equity, entitled to interpose the special defenses and cross complaint.
The purpose of a motion to strike is to test and attack the legal sufficiency of a pleading. With respect to the disclosure of defense and the answer, the motion to strike is denied. The answer is an appropriate pleading and is merely a general denial of the allegations in the plaintiff's complaint and closes the issues. The disclosure of defense was made in accord with the provisions of the Practice Book, and once made fully complies with the rule. Its efficacy cannot be summarily passed upon. Jennings v. Parsons, 71 Conn. 413, 416; Novitsky v. Novitsky, 9 Conn. Sup. 136, 137. CT Page 202
As to the special defenses and cross complaint, the motion to strike is also denied. The motion to strike cannot be used as a speaking demurrer. Although the Court was able to take judicial notice of the underlying case in which the plaintiff obtained judgment, there is an insufficient record to test the legal sufficiency of the special defenses and cross complaint, and therefore, the motion to strike is inappropriate to properly test their efficacy and therefore it is denied as to the special defenses and cross complaint. See, for example, Meinket, Admx. v. Levinson, 193 Conn. 110 (1984).
TELLER, J.