J. WILLIAM BURNS, COMMISSIONER OF TRANS-
PORTATION *v.* KIRK A. BENNETT
(14224)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and BORDEN, Js.

Argued May 28—decision released August 13, 1991

*Carla Ottaviano,* for the plaintiff in error.

*Todd Lampert,* for the defendant in error.

SHEA, J. The defendant, J. William Burns, commissioner of transportation, has filed a writ of error[1] with this court, claiming that the trial court erred in refusing to grant his motion to transfer the case from the Small Claims docket to the regular docket of the Superior Court.

The record discloses the following facts: On September 26, 1990, the plaintiff, Kirk Bennett, brought suit in the Small Claims division of the Superior Court alleging that the defendant was liable to him in the amount of $250 for property damage to his car that occurred while he was driving on Interstate 95 in Norwalk. In his complaint, the plaintiff alleged that the negligence of the defendant was the sole proximate cause of the accident and that he knew or should have known that the debris or defect on the highway that caused the accident existed at that time. The defendant timely filed a motion and accompanying affidavit pursuant to Practice Book § 572,[2] to transfer the case to the regular

---

[1] The writ of error was filed pursuant to General Statutes §§ 52-273 and 52-275 and Practice Book §§ 4143 and 4144.

[2] Practice Book § 572 provides in pertinent part: "A case duly entered on the small claims docket of a geographical area or housing session court location shall be transferred to the regular docket of the superior court or to the regular housing docket, respectively, if the following conditions are met:

"(1) The defendant, or the plaintiff if the defendant has filed a counterclaim, shall file a motion to transfer the case to the regular docket. This motion must be filed on or before the answer date.

docket. The trial court, *Elaine Braffman*, state magistrate, denied the motion. A motion to reargue the motion to transfer was granted, but the trial court, *Francis J. Charlton*, state magistrate, again denied the motion to transfer.[3] The trial court then proceeded to hear the merits of the case, eventually rendering judgment in favor of the plaintiff in the amount of $200. The defendant then filed this writ of error.

The defendant claims that his motion to transfer complied fully with the requirements of § 572 and, therefore, the trial court was required to transfer his case to the regular docket. The plaintiff counters that this court lacks jurisdiction to consider the defendant's claim and that, even assuming such jurisdiction does exist, the trial court properly denied the defendant's motion because it did not comply with § 572. We conclude that we have jurisdiction to entertain the writ of error and, further, that the trial court should have granted the defendant's motion. Accordingly, we reverse the judgment.

I

The plaintiff relies on General Statutes § 51-197a,[4] which excepts small claims judgments from those for which a statutory right of appeal is created, to support

---

"(2) The motion to transfer must be accompanied by (a) a counterclaim in an amount greater than the jurisdiction of the small claims court; or (b) an affidavit stating that a good defense exists to the claim and setting forth with specificity the nature of the defense, or stating that the case has been properly claimed for trial by jury.

"(3) The moving party shall comply with such terms as are fixed by the court, which shall at least provide for not less than the amount of an entry fee of a case in the superior court. . . ."

[3] The record before us does not disclose the reasons for the denials of the motion.

[4] General Statutes § 51-197a provides in relevant part: "(a) Appeals from final judgments or actions of the superior court shall be taken to the appellate court in accordance with section 51-197c, except for small claims which are not appealable . . . ."

his argument that this court lacks jurisdiction to entertain the defendant's action. The defendant correctly notes, however, that we rejected an identical argument in *Cannavo Enterprises, Inc.* v. *Burns,* 194 Conn. 43, 48, 478 A.2d 601 (1984), where we held that "§ 51-197a . . . does not preclude us from entertaining a writ of error pursuant to General Statutes § 52-272 from the Small Claims division of the Superior Court . . . ."

The plaintiff counters that *Cannavo Enterprises, Inc.,* is distinguishable because, in that case, the writ of error had been brought from a default judgment, while in the present case the writ of error has been brought from a final judgment on the merits of the plaintiff's claim. The plaintiff contends that the defendant should either have brought the writ when his motion to transfer was denied or have waited until a default judgment was granted and then brought the writ. These arguments are without merit.

Practice Book § 4143 (a) expressly provides that "[w]rits of error for errors in matters of law only may be brought from a *final judgment* of the superior court to the supreme court." (Emphasis added.) In the present case, there was no final judgment until the trial court rendered judgment on the merits of the plaintiff's claim.[5] See *Cannavo Enterprises, Inc.* v. *Burns,* supra,

---

[5] The plaintiff baldly asserts that, for the purposes of a writ of error, the denial of a motion to transfer should be considered a final judgment. He cites no statutory or decisional law in support of that assertion, however. This claim is without merit in view of the abundance of precedent holding that the denial of similar motions prior to a judgment on the merits does not constitute a final judgment in the absence of statutory provisions to such effect. See, e.g., *State* v. *Atkins,* 203 Conn. 33, 34, 522 A.2d 1234 (1987) (finding of probable cause at probable cause hearing is not a final judgment); *State* v. *Coleman,* 202 Conn. 86, 92, 519 A.2d 1201 (1987) (denial of motion to dismiss is not a final judgment); *In re Juvenile Appeal (85-AB),* 195 Conn. 303, 307, 488 A.2d 778 (1985) (juvenile transfer not a final judgment for purposes of appeal, but see General Statutes §§ 46b-126, 46b-127, which now provide for appeal of such judgments).

45 n.4, 47 n.8. Furthermore, in *Cannavo Enterprises, Inc.*, we held that a defendant could bring a writ of error from a default judgment in the Small Claims division despite precedent that a failure to contest the action implied consent to the judgment; we did not hold that a default judgment was a condition precedent to bringing such a writ. Id., 46–47. We conclude, therefore, that the defendant properly brought his writ of error after a judgment on the merits had been rendered.

## II

Having determined that we have jurisdiction to entertain the defendant's writ of error, we now turn to his primary argument, that his motion to transfer complied with § 572 (2) (b) and that the trial court's denial of that motion was, therefore, improper. The plaintiff asserts that the contrary is true. Specifically, he contends that the defenses raised in the defendant's motion and affidavit were not "good" defenses. He further asserts that because the defendant's motion did not set out the legal theory and underlying factual basis of his defenses, the nature of those defenses was not set forth with the degree of specificity required by § 572 (2) (b). We hold that the defendant's motion adequately complied with § 572 (2) (b).

Pursuant to § 572, the defendant's motion to transfer stated in relevant part: "Pursuant to sec. 572 of the Conn. Rules of Practice the defendant hereby moves to transfer the above referenced matter to the regular docket of the Superior Court. The defendant claims that good defenses exist to this matter. Said defenses include but are not limited to: (a) sovereign immunity[;] (b) sole proximate cause[;] (c) contributory negligence[; and] (c) lack of timely notice." In the accompanying affidavit, required under § 572 (2) (b),[6]

---

[6] As an alternative to stating in an affidavit that good defenses exist and specifying the nature of those defenses, Practice Book § 572 (2) (b) also pro-

the defendant stated that "good legal defenses exist to this action" and again set forth those defenses raised in his motion to transfer.

We find no deficiency in these documents that would render them insufficient to satisfy the demands of § 572 (2) (b). By its terms, the subsection requires only that a motion to transfer be accompanied by an affidavit that first, *states* that a good defense exists, and second, sets forth with specificity the nature of that defense. In passing on a motion made pursuant to this subsection, a court is not required to review the legal sufficiency of any defenses asserted, but, rather, is limited to determining whether those defenses have been raised in good faith, not frivolously.[7]

Furthermore, because § 572 (2) (b) directs a defendant to state with specificity the *nature* of a defense, not the defense itself, compliance does not necessitate

vides that a defendant may obtain a transfer from the Small Claims division by stating in an affidavit that he is claiming the case for jury trial. The plaintiff asserts that the defendant failed to satisfy this requirement of the Practice Book. Because this is an alternate method of obtaining a transfer, our conclusion that the defendant satisfied the former method renders a decision on the plaintiff's jury trial claim unnecessary.

[7] Our decision is based in part on the holding in *Jennings* v. *Parsons,* 71 Conn. 413, 42 A. 76 (1899). Therein, this court considered the scope of a trial court's review of an analogous Practice Book section which empowered the plaintiff in a civil action to require the defendant " 'to state to the court whether he has satisfactory reasons to believe, and does in truth believe, that there exists a bona fide defense to the plaintiff's action, and whether such defense will be made, together with the nature or substance of it . . . .' " Id., 415. We held that a trial court reviewing the defenses disclosed under this rule was limited to a determination of whether they were raised in good faith. Significantly, we stated that "[i]f the disclosed defense in a given case is clearly and palpably untruthful, or irrelevant, or utterly frivolous, it would indicate bad faith on the part of the counsel, and might warrant the court in holding that it was not satisfied either that the attorney believed that a bona fide defense existed, or that he intended to make it; but that is a very different thing from passing upon the legal sufficiency of an apparently good defense, believed in good faith to exist, and honestly intended to be made." Id.

a detailed statement of the legal theory underlying the defense, including its underlying facts. Instead, a defendant's motion to transfer need only specify generally the particular defenses upon which he intends to rely. Compare *Jennings* v. *Parsons,* 71 Conn. 413, 417, 42 A. 76 (1899) (statement of the nature or substance of defense may be made in "very general terms and in the most informal manner").

In light of this discussion, it is readily apparent from the record that the defendant's motion and affidavit were executed in full compliance with the relevant rule of practice. Because the transfer provisions of § 572 are mandatory once its formal requirements have been satisfied; *Cannavo Enterprises, Inc.* v. *Burns,* supra, 51; we conclude that the trial court should have granted the defendant's motion to transfer.[8]

The plaintiff argues, however, that this construction of § 572 (2) (b) will enable a defendant to obtain a transfer of a case from the Small Claims division merely by raising defenses to a plaintiff's claim, with little regard for their viability. Such a low threshold for obtaining a transfer, the plaintiff contends, will undercut the effectiveness of the Small Claims division as a low-cost forum for the resolution of relatively minor civil disputes.

We do not consider such a concern to be warranted. General Statutes § 52-251a provides that "[w]henever

---

[8] The plaintiff also argues that the defendant has not complied with Practice Book § 572 (3) which states that "[t]he moving party shall comply with such terms as are fixed by the court, which shall at least provide for not less than the amount of an entry fee of a case in the superior court." Because the defendant has not, to date, filed a transfer fee, the plaintiff claims that his motion to transfer was properly denied. We note, however, that it is apparently the sensible practice of the Norwalk Small Claims division to require payment of the fee only at the time that a transfer motion is granted. Consequently, the defendant's failure to have paid the transfer fee at the time that he filed his motion to transfer is an insufficient ground for denial of that motion.

the plaintiff prevails in a small claims matter which was transferred to the regular docket in the superior court on the motion of the defendant, the court may allow to the plaintiff his costs, together with reasonable attorney's fees to be taxed by the court." Section 52-251a thus creates a substantial and effective disincentive for a defendant who might otherwise raise defenses bordering on the frivolous in an effort to gain a tactical advantage over a plaintiff by obtaining a transfer of a case from the Small Claims division.

Our construction of § 572 also finds support in the very purposes that it is designed to serve. Those purposes include providing a defendant with the means of avoiding the "informal procedure of Small Claims Court and [opting] for the more structured procedure of the regular docket, including the right of jury trial and appeal." *Cannavo Enterprises, Inc.* v. *Burns,* supra, 51. The interpretation of the section that the plaintiff urges us to adopt would tend to undermine one of these purposes by creating an unacceptable tension with a defendant's statutory right of appeal.

The judgment is reversed and the case is remanded with direction to grant the defendant's motion to transfer and for further proceedings.

In this opinion the other justices concurred.