[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: PLAINTIFF'S MOTION FOR DEFAULT (#109)
This action stems from a breach of contract. On January 27, 1992, the plaintiff, Michael Cardello, filed a Complaint for Foreclosure of Judgment Lien against the defendant, Marilyn Brennan. The plaintiff CT Page 4823 alleges that on October 19, 1988, the defendant and Thomas Brennan each owned an undivided one-half interest in land located in Goshen, Connecticut. On that date, the plaintiff commenced an action in this court against Thomas Brennan and Marilyn Brennan and caused a prejudgment remedy attachment to be placed on the aforementioned property to secure the sum of $30,000.00. Cardello v. Brennan, D.N. CV-0049097S ("Cardello I"). In Cardello I defendant Thomas Brennan was defaulted for failing to appear and, consequently, on December 31, 1990, the plaintiff obtained a judgment totalling more than $38,000.00 against Thomas Brennan only.
In the present matter, the plaintiff alleges that on January 9, 1991, the judgment was unsatisfied, and he consequently filed a judgment lien certificate with the Goshen Town Clerk. Said judgment allegedly remains unpaid, and the plaintiff contends that he is owed $39,335.19 plus interest. The defendant allegedly claims to have full interest in the aforementioned premises by virtue of a Quit Claim Deed from Thomas Brennan dated April 19, 1990. Said deed was recorded July 25, 1990, and the plaintiff claims, is subsequent in right to the plaintiff's interest. Thomas Brennan has defaulted on the payment ordered and, consequently, the plaintiff requests, inter alia, foreclosure of the judgment lien.
On April 6, 1992, the court, Dranginis, J., denied the defendant's motion to dismiss because that motion constituted a collateral attack on the judgment rendered in Cardello I. Consequently, the plaintiff filed a demand for disclosure of defense pursuant to Practice Book 236. The defendant filed its defense on April 20, 1992. On April 30, 1992, the plaintiff filed a motion for default for failure to disclose a defense, claiming that the disclosed defense is merely another attempt to collaterally attack the Cardello I judgment. The defendant has filed nothing in opposition to the motion for default.
A disclosure of defense is filed pursuant to Practice Book 236.
That section states, in pertinent part, that:
 In any action to foreclose or discharge any mortgage or lien or to quiet title, or in any action upon any written contract, in which there is an appearance by an attorney for any defendant, the plaintiff may at any time file and serve . . . a written demand that such attorney present to the court, to become a part of the file in such case, a writing signed by him stating whether he has reason to believe and does believe that there exists a bona fide defense to the plaintiff's action and whether such defense will be made, together with a general statement of the nature and substance of such defense. If the defendant fails to disclose a defense within five days of the filing of such demand, the plaintiff may file a written motion that a default be entered against the defendant by reason of the failure of the defendant to disclose a defense. If no disclosure of defense has been filed, the court may order judgment upon default CT Page 4824 to be entered for the plaintiff at the time the motion is heard or thereafter, provided that in either event a separate motion for such judgment has been filed . . . .
Practice Book 236.
In the present matter, the disclosed defense is, essentially, identical to the argument put forth in support of the defendant's motion to dismiss which, as was noted, supra, was denied by the court because it constituted a collateral attack on a prior judgment.
In Jennings v. Parsons, 71 Conn. 413, 42 A. 76 (1899), the court, in a decision setting forth the purpose behind this rule, held that testing the legal sufficiency of the disclosed defense is not appropriate at this stage. Id. The Jennings court stated that:
 Clearly [Practice Book 236] does not expressly confer any such power [to pass upon the legal sufficiency of the proposed defense and to render judgment in favor of the plaintiff, if the court found the defense to be legally insufficient], nor do we think it does so by implication.
 It is evident from the language of the rule, that the chief thing to be determined in a proceeding under it is the real belief of the counsel and his good faith in this matter, rather than the validity or sufficiency in point of law or of fact of the defense stated . . . . He is, we think, required to state the nature or substance of the defense, on account of its bearing upon the question of the reasonableness of his belief and the question of his good faith in this matter, and not for the purpose of enabling the court to pass finally upon the truth or the legal sufficiency or availability of the stated defense.
Id., 416-17.
The court further stated that:
 In a proceeding under [236] the nature or substance of the defense stated should be regarded chiefly as hearing upon the real belief, good faith and intention of the counsel making the statement. If he has complied with the rule, that is, has disclosed as required, and satisfied the court of his belief and good faith and intention to make the defense, then the truth or the legal sufficiency of it should be left to be tried and determined in the ordinary and regular way . . . .
 If the disclosed defense in a given case is clearly and palpably untruthful, or irrelevant, or utterly frivolous, it would indicate bad faith on the part of the counsel, and might warrant the court in holding that it was not satisfied either that the CT Page 4825 attorney believed that a bona fide defense existed, or that he intended to make it, but that is a very different thing from passing upon the legal sufficiency of an apparently good defense, believed in good faith to exist, and honestly intended to be made.
Id., 417. See also Burns v. Bennett, 220 Conn. 162, 167 n. 7,595 A.2d 877 (1991); Deutsche Bank Co. v. Hermann, 4 CSCR 771, 772
(November 6, 1989, Cioffi, J.)
The defendant's disclosed defense in this matter, satisfies the standard articulated in Jennings, supra, in that it does not appear to be "palpably untruthful, or irrelevant, or utterly frivolous so as to indicate bad faith on the part of the counsel." Jennings, supra, 417. Consequently, this court will not consider the legal sufficiency of the disclosed defense. While legal sufficiency is normally challenged in a motion to strike, Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989), the plaintiff's motion for default for failure to disclose a defense also constitutes a challenge to said defense's legal sufficiency. Therefore, pursuant to Jennings, supra, this court denies the plaintiff's motion for default.
PICKETT, J.