[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 7, 1993, the plaintiff, Sally Dohn, filed a two count action against the defendant, Donald Simone. Count one is an action on a note dated September 1, 1989, and count two is for fraud. The plaintiff alleges that she loaned the defendant $20,000 and that the defendant executed a note agreeing to pay this amount, but that he has failed to make payment despite a demand. The plaintiff alleges that the defendant made misrepresentations CT Page 6647 intended to mislead her into making the loan. The plaintiff further alleges that the United States Bankruptcy Court in Bridgeport held that the defendant knowingly made misrepresentations to the plaintiff, that the plaintiff relied on such statements, and that she was damaged as a result. The plaintiff seeks monetary damages, punitive damages, interest, costs, and attorney's fees.
Pursuant to Practice Book 236, the plaintiff filed a demand for disclosure of defense. The defendant filed a disclosure of defense, claiming that he had not attempted to, and did not perpetrate a fraud upon the plaintiff, and also that the statute of limitations may be asserted as a bar against the fraud count.
The plaintiff then moved to strike (#106) the special defenses articulated in the defendant's disclosure of defense on the grounds that the issues presented therein are res judicata between the two parties since the issue of fraud was litigated in the Federal Bankruptcy Court.
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988); Mingachos v. CBS. Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93,463 A.2d 1111 (1985). Practice Book 152 provides in relevant part that a party may contest "the legal sufficiency of any answer to any complaint, counterclaim, or cross-claim, or any part of that answer including any special defense contained therein. . . by filing a motion to strike the contested pleading or part thereof."
The defendant in this case did not assert a special defense, but disclosed a defense pursuant to Practice Book 236, which provides that:
 In any action to foreclose or discharge any mortgage or lien or to quiet title, or in any action upon any written contract in which there is an appearance by an attorney for any defendant, the plaintiff may at any time file and serve in accordance with Sec. 120 a written demand that such attorney present to the court, to become a part of the file in such case, a writing signed by him stating whether he has reason to believe and CT Page 6648 does believe that there exists a bona fide defense to the plaintiff's action and whether such defense will be made, together with a general statement of the nature or substance of such defense. . . .
"It is not the function of the court to pass summarily on the validity or legal sufficiency of the proposed defenses offered in the disclosure of defense if made in good faith." Deutsche Bank Co. v. Hermann, 4 CSCR 771, 772 (September 28, 1989, Cioffi, J.), quoting Jennings v. Parson, 71 Conn. 413, 417, 42 A. 76 (1899); see also Burns v. Bennett, 220 Conn. 162, 167 n. 7, 595 A.2d 877 (1991). Therefore, a motion to strike is not the proper vehicle to test the sufficiency of the disclosure of defenses filed pursuant to 236. Deutsche Bank Co. v. Hermann, supra; see also Cardello v. Brennan, 6 CTLR 492 (May 29, 1992, Pickett, J.) (the court will not consider the legal sufficiency of a disclosed defense when raised in a motion to dismiss).
The plaintiff's motion to strike is procedurally incorrect, since 152 enumerates specific pleadings which may be tested by a motion to strike and disclosure of defense is not one of them. Moreover, courts have uniformly refused to address the legal sufficiency of a disclosure of defense brought pursuant to 236. The plaintiff may not move to strike a special defense until a defendant actually asserts it. Accordingly, the motion to strike is denied.
So Ordered.
Dated at Stamford, Connecticut, this 20th day of July, 1003 [1993].
WILLIAM BURKE LEWIS, JUDGE