[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action seeking repayment of a promissory note. The original plaintiff, Fairfield County Trust Company ["FCTC"] alleges in its complaint, dated October 9, 1991, that the defendants, Kevin, William and Ronald Malloy, defaulted on a note signed on October 25, 1984. On January 20, 1992, the defendants filed a disclosure of defenses. On May 25, 1993, the defendants filed twelve special defenses, asserting the following: that plaintiff fails to state a claim upon which relief may be granted; that the note is not a commercial one; that plaintiff never properly presented the note for payment; that defendants did not receive timely notice that the note was presented for payment; that the defendants did not receive notice of the purported default; that plaintiff waived its right to presentment by failing to properly and timely present the note for payment; that if plaintiff made an attempt to present the note for payment, it violated the agreements set forth in "Exhibit A" of the complaint; that plaintiff's attempt to gain payment violated the agreements; that certain language indicating a waiver of the agreement attached as "Exhibit A" is invalid and ineffective; that the complaint is barred to the extent that plaintiff failed to mitigate damages; that the complaint is barred by laches, in pari delicto, unclean hands, waiver and estoppel; and that the note does not bear signatures of the parties against whom payment is charged.
FCTC filed a reply to the special defenses on May 27, 1993, denying them in their entirety. In April, 1992, the FDIC had been appointed as the receiver of FCTC. However, counsel for the FDIC filed an appearance on November 4, 1993. On February 14, 1994, this court, Karazin, J., granted a motion to substitute the FDIC as party plaintiff. At that time, the FDIC requested permission to waive the order of pleadings to allow it to file a motion to strike, claiming that it was appointed as receiver after the pleadings were closed and is now prevented from filing a timely CT Page 4014 motion to strike pursuant to Practice Book 112. The FDIC also filed a motion to strike defendants' disclosure of defenses, dated January 11, 1992. The defendants object to a waiver of the pleading order, claiming that they have been relying upon their defenses for two years and would be prejudiced by a motion to strike. Pursuant to the court's order, the parties submitted additional briefs regarding the issue of when waiver of the order of pleadings is permitted.
I. Waiving the Order of Pleadings
Practice Book 112 sets forth the order of pleadings and provides that a motion to strike special defenses is to be filed before the reply to such defenses. Practice Book 113 provides that: "[i]n all cases, when the court does not otherwise order, the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleadings provided in that section." (Emphasis added.) "The very words of 113, `when the court does not otherwise order' indicate, however, that the court has discretion to allow the filing of pleadings out of order." Sabino v. Ruffolo, 19 Conn. App. 402, 402, 562 A.2d 1134
(1989). "Section 6 of the Practice Book supports this view by allowing for the liberal interpretation of the rules where `strict adherence to them will work surprise or injustice' because the very design of the rules is `to facilitate business and advance justice.'" Id.; see also Ellis v. New Jersey Manufacturers Ins. Co., 6 Conn. L. Rptr. 169, 170 (March 11, 1992, Lewis, J.); M/C Communications v. Hamilton, 2 Conn. L. Rptr. 247 (August 8, 1990, Spear, J.).
The FDIC claims that it was appointed as receiver in April, 1992, after the pleadings were closed. However, it is found that the pleadings were not closed until May, 1993, when the reply to the special defenses was filed. Counsel for FCTC filed this reply on May 27, 1993, two days after the twelve special defenses were filed. However, counsel for the FDIC filed her appearance in November, 1993, after the pleadings were closed, and filed the motion to substitute the FDIC as party plaintiff on January 4, 1994. It is unclear why the FDIC was appointed as received in April, 1992, but did not file an appearance and a motion to be substituted as a party plaintiff until a year and a half after the appointment.
At least one of the superior courts which have denied CT Page 4015 permission to waive the order of pleadings has done so on the basis that the party requested permission after a long period of time. See Fleet National Bank v. Mascola, 2 Conn. L. Rptr. 285 (August 22, 1990, Walsh, J.) (permission denied because motion to strike filed more than sixteen months after special defenses and nine months after case claimed to the trial list). Permission has also been denied when a court concluded that the parties would have future opportunities to address the issue. See Evans v. City of Milford, 2 Conn. L. Rptr. 92 (July 19, 1990, Fuller, J.) (Waiver rejected because issue of whether recreational use statute applicable likely to surface in later proceeding by motion for summary judgment or at trial).
In the present case, the pleadings have been closed for only nine and a half months. The case was claimed to the non-jury trial list on May 27, 1993 and according to the FDIC, is scheduled for trial on June 22, 1994. The defendants claim that they have been relying upon the twelve defenses for two years, presumably because such defenses were disclosed in January of 1992, but they were actually asserted less than one year ago.
A proper motion to test the legal sufficiency of the twelve special defenses is a motion to strike rather than a motion for summary judgment. Special defenses require the pleading of facts which are consistent with the plaintiff's statement of facts, but show that the plaintiff nevertheless has no cause of action. Northeast Savings, F.A. v. Dunst, 6 Conn. L. Rptr. 333 (April 15, 1992, Nigro, J.). At least half of the twelve special defenses appear to be legally insufficient and none of the special defenses allege any supporting facts. Furthermore, the defendants would not be prejudiced by the motion to strike because they would have the opportunity to file an opposition to the motion and to argue its merits.
The court finds that the FDIC did not wait an unreasonable period of time to file an appearance in the action or the motion to substitute party plaintiff, and therefore grants the FDIC permission to file the motion to strike. A motion to strike may have the effect of cleaning up the pleadings.
The FDIC "moves that the defendant's disclosure of defense dated January 20, 1992 be stricken pursuant to P.B. Section 152. . ." As noted above, on May 25, 1993, the defendants filed special defenses, which are identical to the disclosure of defenses. CT Page 4016
"The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90, 93,463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader. Blancato v. Feldspar, 203 Conn. 34, 36, 552 A.2d 1235
(1987). "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations would support a defense or cause or action, the motion to strike must fail (Citation omitted.)" Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822 (1980).
Moreover, the FDIC's motion to strike the disclosure of defenses is procedurally incorrect. The FDIC should file a motion to strike directed to the special defenses themselves rather than the disclosure. A disclosure of defenses is not one of the enumerated pleadings which may be tested by a motion to strike pursuant to Practice Book 152.
"`It is not the function of the court to pass summarily on the validity or legal sufficiency of the proposed defenses offered in the disclosure of defense if made in good faith.'" Deutsche Bank Co. v. Hermann, 4 CSCR 771, 772 (September 28, 1989 Cioffi, J.), quoting Jennings v. Parson, 71 Conn. 413, 417, 42 A. 76 (1989); see also Dohn v. Simone, 8 CSCR 879 (July 20, 1993, Lewis, J.). "A motion to strike is not the proper vehicle to test the sufficiency of the disclosure of defenses. . ." Dohn v. Simone, supra.
Special defenses have been filed and the FDIC should direct its motion to that pleading. Accordingly, the court denies the FDIC's motion to strike the disclosure of defenses without prejudice.
KARAZIN, J.