[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DEFAULT FORFAILURE TO DISCLOSE DEFENSE, NO. 103
On March 24, 1995, the plaintiff, Brody Printing Company, Inc, filed a motion for default against the defendant, Focus Marketing, Inc., for failure to disclose a defense pursuant to Practice Book § 236. Practice Book § 236 provides in part:
 in any action upon any written contract, the plaintiff may at any time file and serve . . . a written demand that such attorney present to the court a writing signed by him stating whether he has reason to believe and does believe that there exists a bona fide defense to the plaintiff's action and whether such defenses will be made, together with general statement of the nature or substance of such defense.
(Emphasis added)
The plaintiff contends that by submitting an invoice signed by the defendant it has satisfied, the "written contract" requirement of § 236. He argues that under the provisions of the Uniform Commercial Code the parties have entered into a "written contract." The purposes underlying the code are "(a) to simplify, clarify and modernize the law governing commercial transactions; (b) to permit the continued expansion of commercial practices through custom, usage and agreement of parties; (c) to make uniform the law among the various jurisdictions." General Statutes § 42a-1-102(2). The provisions of the Uniform Commercial Code liberally construe what constitutes a contract. However, a writing may satisfy the statute of frauds pursuant to § 42a-2-201 or § 52-550, but still fail to be a "written contract" pursuant to § 236. Our Supreme Court has, on some occasions, applied statutes "extraterritorially" to pending cases. But "[p]lainly, every statute has some boundaries on"State v. Kulmac, 230 Conn. 43 (1994), quoting Chief Justice Peters, "Common Law Judging is a Statutory World: An Address." 43 U. Pitt. L. Rev. 995, 1005 (1982). The question then is when is it used CT Page 3874 appropriately? Here, the plaintiff attempts to apply statutory concepts to one of the precise rules set forth by the Judges of the Superior Court. What has been appropriate in the other situations, is not appropriate in this case. There is no question the Judges know the difference between a "contract" and a "written contract." Practice Book § 236 demands a formal writing. When there is no dispute as to the existence of a written contract, § 236 enables "the plaintiff, at an early stage of the proceedings, to ascertain whether a defense is in good faith claimed to exist, and is honestly intended to be made, or whether it is a mere sham defense to be interposed merely for delay."Jennings v. Parsons, 71 Conn. 413, 417 (1899).
While there is evidence the parties may have entered into a contract, the court finds that it is not a written contract pursuant to § 236. The plaintiff may eventually prove the existence of a contract based upon the signed invoice, but mandating a disclosure of defense pursuant to Practice Book § 236 is not necessary at this time. Accordingly, the court denies plaintiff's motion for default for failure to disclose a defense.
SAMUEL S. FREEDMAN, JUDGE