[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
This is an action for foreclosure brought by the plaintiff, The Norwich Savings Society, successor-in-interest to the Bank of Mystic, against the defendants, Edgar W. Hunter and Joyce M. Hunter.
The complaint alleges that: on December 10, 1993, the defendants executed a note in the amount of $415,000.00 payable to The Bank of Mystic with interest; by deed of the same date, defendant Edgar W. Hunter mortgaged a certain parcel of property situated in the Town of North Stonington to the Bank of Mystic to secure the note, which deed was recorded CT Page 906 with the Town of North Stonington Land Records; on April 1, 1995, The Norwich Savings Society purchased all of the assets of The Bank of Mystic, including the note and mortgage executed by the defendants, and the defendants are currently in default on the note.
Pursuant to Practice Book § 236, the defendants' attorney has filed a disclosure of defense, which represents that the defendants have a bona fide defense to the plaintiff's action, namely the defense of "clean hands." The plaintiff subsequently filed the present motion for summary judgment.
In the present case, the plaintiff's motion for summary judgment is based solely on the legal sufficiency of the disclosure of defense made by the defendant pursuant to Practice Book § 236. Other than the disclosure of defense, the defendants have not yet filed a pleading in response to the complaint. Therefore, "[i]n the case at bar . . . the court [has] no power to pass upon the legal sufficiency of the proposed defense at this stage of the case, and no power to render judgment for the plaintiff." Jennings v. Parsons,71 Conn. 413, 418 (1899).
Based on the foregoing, the plaintiff's motion for summary judgment is denied.
Hendel, J.