[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED JANUARY 7, 1997
The plaintiff filed the above-entitled small claims action on November 15, 1996; the action had an answer date of December 12, 1996. On December 9, 1996, the defendant, through an attorney, filed a motion to transfer to the regular docket, along with a check in the appropriate amount for the regular docket. An affidavit stating the nature of defenses was filed with the motion. The plaintiff filed an objection to the transfer on December 12, 1996. He indicated, in the body of the objection and in court at the hearing on January 7, 1997, that he felt that he could represent himself adequately in small claims but that it would be a hardship to hire an attorney for a case on the regular docket; he also indicated that he felt the matter was appropriately a small claims matter.
If the motion is timely filed, the fee is paid, and the affidavit is sufficient, the court has no discretion: it must CT Page 387-H grant the motion to transfer to the regular docket. Burns v.Bennett, 220 Conn. 162 (1991). In this case, because the papers are in order, the motion must be granted. See also § 572 of the Practice Book (copy attached).
The plaintiff perhaps should be aware of § 52-251a of the General Statutes, which provides that a plaintiff who prevails in a case, after the defendant has caused the case to be removed from the small claims docket to the regular docket, may be able to collect his costs and a reasonable attorneys fee. In any event, the objection to the transfer is overruled.
BEACH, J.