[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFFS' MOTION COMPEL DISCOVERY
The motion now before this court in the above-captioned case presents CT Page 14318 the question whether a plaintiff may conduct discovery concerning the content of an opponent counsel's disclosure of defense filed pursuant to Practice Book § 13-19 before the opponent has filed any pleading actually raising any defenses.
The plaintiffs, the City of New Haven and the Water Pollution Control Authority of New Haven, have moved for an order compelling the defendants, Town of East Haven and East Haven Water Pollution Control Authority, to respond to Plaintiffs' First Set of Interrogatories and Request for Production. The defendants filed a Notice of Filing Defendants' Objections dated April 19, 2000, in which they state that they object to fifteen of the interrogatories and eight of the requests for production. The motion to compel seeks adjudication of the objections and an order requiring responses and compliance as to those items for which the objections are overruled.
The plaintiff's claim that the defendants are in breach of an Interlocal Agreement dated December 14, 1982, concerning the provision of sewer treatment services to the Town of East Haven. Pursuant to Practice Book § 13-19, on November 4, 1998, the plaintiffs filed a demand for disclosure of defense, and the defendants' counsel disclosed various defenses, which he asserted applied in some cases to all of the plaintiffs' claims and in other instances to some of those claims. The text of the disclosure of defense, filed on November 6, 1998, is as follows:
 Pursuant to the provisions of Section 13-19 of the Connecticut Practice Book, the undersigned counsel for the defendants, Town of East Haven and East Haven Water Pollution Control Authority, hereby states that he has reason to believe and does believe that there exist bona fide defenses to the plaintiffs' action, and that such defenses will be made.
 Such defenses include, but are not limited to, the following: Expiration of applicable statutes of limitations to part of the claims asserted by the plaintiffs; Defenses based on the doctrines of estoppel and laches; Defenses based on the doctrine of accord and satisfaction as to part of the claims asserted by the plaintiffs; Defenses based on payment; Defenses based on the failure of the plaintiffs to comply with conditions precedent of the agreement upon which they base their claims.
 The undersigned further discloses that there may be CT Page 14319 additional defenses that are not currently apparent, as the claims asserted by the plaintiffs are being investigated, and span a relationship that covers 16 years. The undersigned, therefore, reserves the right to assert any and all defenses on behalf of the defendants, whether or not such defenses are included in the Disclosure of Defense.
The defendants have filed a notice of objections to interrogatories in which they assert that they object only to Interrogatories 1, 8, 9, 10, 11, 12, 14, 16, 18, 20, 21, 24, 26, 27 and 28 and requests for production 1, 3, 4, 7, 8, 11, 13 and 19. Accordingly, the court will determine only the objections to the items listed in the notice of objections.
Discovery Concerning Disclosure of Defenses
In Interrogatories 8, 9, 10, 11, 12, 14, 16, 18, 20, 21, 24, 26, 27 and 28, the plaintiffs request that the defendants identify the basis for the defenses they plan to assert and the facts and documents that support each defense. For example, in interrogatory 11 the plaintiffs ask the defendants to "[i]dentify the "part of the claims asserted by the Plaintiffs' which the Defendants claim are subject to the expiration of applicable statutes of limitation as referenced in Defendants' Disclosure of Defense."
The defendants object that discovery concerning the basis for inclusion of representations concerning defenses in their disclosure of defenses impermissibly seeks disclosure of the mental impression, conclusions, opinions or legal theories of their counsel. They point out that Practice Book § 13-19
requires the filing of a disclosure not by a party, but by counsel for that party, and that discovery directed to the basis of such a disclosure constitutes discovery of the attorney's work product and strategy, not of the party's own claims, which are not asserted until the party actually files an answer and special defenses.
Practice Book § 13-19 provides in pertinent part:
 [i]n any action . . . upon any written contract, in which there is an appearance by an attorney for any defendant, the plaintiff may at any time file and serve . . . a written demand that such attorney present to the court, to become a part of the file in such case, a writing signed by the attorney stating whether he or she has reason to believe and does believe that there exists a bona fide defense to the plaintiff's action and whether such defense will be CT Page 14320 made, together with a general statement of the nature or substance of such defense.
Failure of an attorney to disclose a defense may lead to entry of a judgment upon motion.
The purpose behind the procedure for disclosure of a defense by counsel for a party in certain kinds of cases was described by the Connecticut Supreme Court in 1899 as "to enable the plaintiff, at an early stage of the proceedings, to ascertain whether a defense is in good faith claimed to exist, and is honestly intended to be made, or whether it is a mere sham defense to be interposed merely for delay. To this end it provides a speedy, informal, and summary way of probing the conscience of the counsel for the defendant with respect to this matter, by compelling him to state orally to the court his belief that a bona fide defense exists, and will be made in good faith." Jennings v. Parsons, 71 Conn. 413, 416-17
(1899).
The version of § 13-19 in effect at the time Jennings v. Parsons
was decided exposed the attorney to suspension from practice if he made a false statement to delay the matter.
The Court in Jennings reversed the trial judge who had ruled the disclosed defense to be legally insufficient. The Supreme Court stated that the trial court "had no power to pass upon the legal sufficiency of the proposed defense at that stage of the case," (emphasis supplied)Jennings v. Parsons, supra, 71 Conn. 418, implying that the legal sufficiency of the defense could not be adjudicated until the defendant had actually pleaded the defense in answer to the complaint. At least one trial court has subsequently ruled that a motion to strike may not be addressed to an attorney's response to a demand for disclosure of defense. Dohn v. Dohn, 8 CSCR 879 (1993).
This court concludes that the procedure set forth in Practice Book § 13-19 is not part of the progress of civil pleadings but is a separate procedure enacted to enlist the aid of counsel in discouraging the assertion of unfounded defenses for the mere purpose of achieving delay. The procedure exposes counsel to the possibility of sanctions but does not constitute an actual stage in the pleadings of the defendant. For that reason, as the outcome in Jennings v. Parsons indicates, the disclosure of defense is not to be treated as a pleading and is not subject to the procedures applicable to pleadings, such as motions to strike.
The provisions of the Practice Book concerning discovery do not suggest that the content of an attorney's disclosure of defense is a subject for CT Page 14321 discovery. Section 13-2, which is titled "Scope of Discovery; In General," states that discovery may be had of information or documents "material to the subject matter involved in the pending action, which are not privileged, whether the discovery or disclosure relates to the claim or defense of the party seeing discovery or to the claim or defense of any other party, and which are within the knowledge, possession or power of the party or person to whom the discovery is addressed." Neither this section concerning the general availability of discovery nor any other section authorizes discovery concerning the contents of an attorney's disclosure of defense.
The claims and defenses of parties are those set forth in the pleadings: "The proposition that the pleadings frame the issues before a trial court is well established in our caselaw. See 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1970) § 75," Doublewal Corp. v. Toffolon,195 Conn. 384, 391 (1985). While counsel may certify in response to a demand for disclosure of defense that a defendant in an action based on a written contract actually has a defense, it is the pleading of the party, not the certification of counsel concerning the existence of a defense, that is the issue in the case. Potentially, a party may not choose to plead each and every defense that its counsel discloses as an available defense to the contract claim.
Because the defendants have not yet filed an answer and special defenses, the plaintiffs' discovery motions are directed solely to the statements of counsel, made in a document that is explicitly, pursuant to Practice Book § 13-19, a certification of counsel as an officer of the court, not a pleading of a party. Discovery directed to the content of a disclosure of defense is directed at the attorney and his mental processes, analysis, and observations. The interrogatories to which the defendants have objected essentially ask defendants' counsel to reveal his impressions and trial strategy, identifying which documents he regards as significant and which facts he believes will support the defendants in resisting the plaintiffs' claims. It is well established that the work product doctrine protects an attorney's "interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible [items].Hickman v. Taylor, 329 U.S. 495, 511 67 S.Ct. 385, 91 L.Ed. 451 (1945);Stanley Works v. New Britain Redevelopment Agency, 155 Conn. 86, 95
(1967)." Barksdale v. Harris, 30 Conn. App. 754, 760 (1993).
The plaintiffs assert that the filing of a disclosure of defense constitutes a waiver of the work product or attorney client privilege. The court finds no merit in that position, which amounts to an argument that a plaintiff who claims breach of a written contract may, by filing a demand for disclosure of defense, force the defendant to choose between CT Page 14322 suffering a judgment for failure to disclose a defense or waiving its attorney-client privilege by disclosing a defense. Waiver results from voluntary, not compulsory acts. State v. Jones, 205 Conn. 638, 655
(1987); McHugh v. McHugh, 181 Conn. 482, 486 (1980).
A certification by an attorney that a defendant possesses a defense is not a voluntary waiver of a privilege, but is compelled by the provisions of Practice Book § 13-19. Nothing in the text of that procedure or in any case law construing it suggests that an effect of disclosing a defense is forfeiting the attorney-client privilege.
The plaintiffs cite cases in which a party has been held to have waived the attorney/client privilege by putting the content of a privileged communication at issue, for example, by asserting that he acted on the advice of counsel. These cases are inapplicable to the situation presented in this case. An attorney's statement that his client has a defense upon the filing of the adversary's filing of a demand for disclosure of defense does not put at issue the communications between the attorney and the client. The attorney may identify a viable defense. as a matter of his own legal analysis without any communication with the client.
The defendants' objections to interrogatories 8, 9, 10, 1112, 14, 16, 18, 20, 21, 24, 26, 27, and 28 are sustained.
The defendants also object to Interrogatory 1, which requests that they "identify all persons who participated in preparing the answers to these Interrogatories." The defendants object to the extent that they would have to identify counsel or employees of counsel who so participated. The identity of counsel is not privileged. State v. Manning, 162 Conn. 112,120-121 (1971). The objection to Interrogatory 1 is overruled.
Requests for Production
The defendants have objected to requests for production 1, 3, 4, 7, 8, 11, 13 and 19. Request 1 seeks "all documents referred to in your responses to these interrogatories." Contrary to the defendants' objections, this request does not on its face seek work product, even in the unlikely event that any of the interrogatories to which no objection was made is answered by referring the plaintiffs to a document claimed to constitute work product. Since Practice Book § 13-2 permits discovery only of non-privileged material, a discovery request should not be interpreted as seeking privileged material where, as here, the party seeking discovery does not explicitly assert any claim of entitlement to privileged material. The objection is overruled. CT Page 14323
Requests 3 and 4 seek "[a]ll documents pertaining to the claims or defenses asserted in this litigation" and "[a]ll documents which defendants plan on introducing as exhibits at the time of trial." These inquiries seek to have counsel disclose judgments concerning whether particular items "pertain" to a claim and to divulge his strategy in preparing for trial. Such inquiries impermissibly require disclosure of counsel's trial strategy and thought processes. See Rose v. Lester, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 0056266 (May 23, 1997) (19 Conn.L.Rptr. 548).
The remaining requests to which the defendants have objected seek documents concerning the transactions between the parties. Though they raise a work product objection, the defendants do not explain how the provision of the identified documents constitute work product of counsel. The court finds that the defendants have not asserted any valid reason for objecting to these requests. In their objections, the defendants note that they will comply not by supplying copies of documents but by allowing the plaintiffs access to those documents at the location where they are kept. In their motion to compel the plaintiffs have stated no objection to that method of supplying the requested documents, which are apparently voluminous.
The defendants' objections to requests 3 and 4 are sustained; the objections to requests 1, 7, 8, 11, 13, and 19 are overruled.
Conclusion
The objection to interrogatory 1 is overruled. The objections to interrogatories 8, 9, 10, 11, 12, 14, 16, 18, 20, 21, 24, 26, 27 and 28 are sustained. The objections to requests for production 1, 7, 8, 11, 13 and 19 are overruled. The objections to requests for production 3 and 4 are sustained. The defendants shall comply within thirty days with those discovery requests to which no objection was made or as to which the objection was overruled.
Beverly J. Hodgson Judge of the Superior Court