HENRY FRESENIUS, TREASURER, *vs.* DAVID LEVY ET AL.

Third Judicial District, Bridgeport, October Term, 1919.
WHEELER, BEACH, GAGER, CASE and CURTIS, Js.

A default, after demurrer overruled, conclusively admits the cause of action alleged, and the official status of the plaintiff as well as his right to sue in that capacity.

The rulings upon evidence which are assigned as error must appear of record, otherwise this court cannot assume that any such rulings were made.

A motion for a nonsuit is entirely out of place on a hearing in damages after a default.

A husband, convicted of nonsupport, gave a bond with surety conditioned for the payment of $4 a week to his wife for her support for a period of six months, in lieu of a sentence of sixty days in jail. *Held* that the language of the bond, which was unqualified, measured the responsibility of the defendant, and that it was not essential to a recovery, that the plaintiff should show that he, or some other proper authority, had actually furnished support to the wife because of her husband's default in paying to her the stipulated weekly amounts.

Argued November 5th—decided December 22d, 1919.

ACTION on a penal bond conditioned that the defendant Litvin should pay to his wife $4 each week for her support, brought to the Court of Common Pleas in New Haven County and heard in damages to the court, *Simpson, J.*, after the defendants had been defaulted for failing to seasonably file their answer; facts found and judgment rendered for the plaintiff for $104, and appeal by the defendants. *No error.*

The writ was dated November 30th, 1918, and the complaint alleged that on February 6th, 1918, the defendants, David Levy and Samuel Litvin, bound themselves to pay the treasurer of the City of New Haven the sum of $200, the obligation to be void if Litvin should pay $4 weekly to his wife, Katherine, for her

support, for the period of six months from that date; that Litvin failed, neglected and refused to make the payments called for during that period; that, although duly demanded, no part of the $200 had been paid, and that the sum of $104 was then due upon the obligation.

The defendants pleaded in abatement, assigning several grounds on which issues of fact were joined by the plaintiff's denials, and the plea was overruled. The single ground which has any bearing here is dealt with in the opinion.

The complaint was then demurred to, substantially for not disclosing that the proper authorities had furnished any support or paid out any money to the woman because of Litvin's default, and before the bringing of the action. The demurrer was overruled, the defendants were defaulted for failure to plead further, and upon a hearing in damages the court found that the bond sued upon was taken in lieu of a penalty of sixty days in jail imposed by the Criminal Court of Common Pleas in New Haven County, upon Litvin's conviction of a charge of nonsupport; that the defendants were wholly in default of all payments provided for by the bond for the entire period of six months, and that "prior to the bringing of this action the selectmen of the town of New Haven furnished no support to the said Katherine Litvin"; and rendered judgment for $104—that being the amount of the defaulted payments for the full period of six months. The bond itself, which was attached to the finding, was taken to the treasurer of the town of New Haven, and is conditioned for the payment of the weekly sums directly to the wife.

The various assignments of error upon which the appeal rests are sufficiently indicated in the opinion.

*Franklin Coeller*, for the appellants (defendants).

*Robert J. Woodruff* and *Arthur Klein,* for the appellee (plaintiff).

CASE, J.   The plaintiff is called city treasurer in some parts of the record, and town treasurer in others, as though the terms were alternative and interchangeable. Nothing amounting to a serious misdescription is apparent, but the matter invites comment lest we otherwise seem to sanction a loose practice quite capable of working serious mischief if persisted in.

The plea in abatement was conclusively disposed of on issues of fact, and one of its grounds was that the plaintiff, as treasurer, had not authorized the bringing of this action.   This was determined against the defendants, and no foundation has been laid for questioning the correctness of the ruling.

It is urged as error that the plaintiff's official standing as treasurer was not established.   It need not have been until questioned, and it does not appear that the challenge came until after the default.   It was then too late.   The default necessarily recognized and settled the plaintiff's status and his right to sue.   For the same reason, the attacks upon the validity of the bond are without effect as the record discloses them.   They went essentially to the merits of the action, and were available only as matters of defense.   But the default conclusively admitted the cause of action as alleged, and precluded a defense.   *Lamphear* v. *Buckingham,* 33 Conn. 237, 250.   It conceded the plaintiff's right to a judgment, and left open for determination the single question of amount.

Several assignments of error rest upon alleged rulings in the admission or rejection of testimony.   The finding wholly ignores the subject, and nothing in the record warrants us in assuming that any such rulings were made.

Error is also predicated upon the court's denial of a so-called motion for a nonsuit on the hearing in damages. This mere statement would dispose of the claim, even if the silence of the record upon the matter permitted us to assume that a motion so foreign to the procedure involved was injected into it.

The one remaining ground of error is based upon the overruling of the demurrer. Here the substance of the defendants' claim is that no right to sue upon the bond accrued until the plaintiff, or other proper authority, had actually furnished support to the woman because of Litvin's default. This is not so. The bond itself, to which we must look for the strict measure of the accountability of the obligors, contains no such qualification. They were answerable upon it when their refusal to meet their undertaking was complete. The liability was neither contingent upon an actual prior disbursement of money for the woman's support, nor limited in any sense to the amount of such payments made before the commencement of the action. They are accountable to the full measure of their default, and it was not a prerequisite of the treasurer's right to a recovery of this amount, that support had already been furnished by the authorities charged with that duty under § 6418 of the General Statutes.

In so far as we may assume from the record that these same claims were urged upon the hearing as bearing upon the amount which the plaintiff was entitled to recover, they are disposed of by what has been said of the ruling upon the demurrer.

There is no error.

In this opinion the other judges concurred.