ROBERT HILTS *v.* ALLEN R. TAFT

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued April 9—decided April 28, 1964

*Lawrence P. Weisman,* for the appellant (defendant).

*Sidney Vogel,* for the appellee (plaintiff).

ALCORN, J.   From the time that this action was commenced by complaint dated October 9, 1957, the defendant, who is a member of the New York bar, has had seven different attorneys or firms of attorneys enter general appearances for him, in addition to an earlier special appearance by one of them and his own general appearance pro se.   This is his third appeal to this court.   On June 8, 1961, he purported to appeal from the denial of a motion to cite in additional defendants, and he withdrew the appeal on September 26, 1961.   On March 28, 1963, he appealed from the judgment and withdrew that appeal on May 4, 1963.

On November 20, 1962, the court defaulted the defendant for failure to appear for trial, and on March 6, 1963, following a hearing in damages, it rendered judgment for the plaintiff.   When the default was entered, there were on file general ap-

pearances by two attorneys representing the defendant. On June 15, 1963, the defendant moved to open the default on the ground that he had not received notice of the assignment of the case for trial. The court denied the motion on June 21, 1963, and the defendant has appealed. The claims made in the trial court and in the assignments of error have been abandoned. *Harry* v. *Bidwell,* 149 Conn. 93, 94, 175 A.2d 704. The defendant's brief asserts only that the default judgment is invalid because of the lack of an affidavit allegedly required under the Soldiers' and Sailors' Civil Relief Act of 1940. 54 Stat. 1180, as amended, 50 U.S.C. App. § 520 (1) (Sup. 4, 1962); Practice Book, 1963, § 284. Because this claim is made for the first time in the brief, we do not consider it. Practice Book, 1963, § 652; *Whitney Theatre Co.* v. *Zoning Board of Appeals,* 150 Conn. 285, 290, 189 A.2d 396; *Zavisza* v. *Hastings,* 143 Conn. 40, 44, 118 A.2d 902; Maltbie, Conn. App. Proc. § 305. Furthermore, the affidavit is required only in the case of nonappearing defendants. 54 Stat. 1180, as amended, 50 U.S.C. App. § 520 (1) (Sup. 4, 1962); Practice Book, 1963, § 284.

There is no error.

In this opinion the other judges concurred.