FRED W. MUNCH *v.* EARL WILLAMETZ ET AL.

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued November 8, 1967—decided January 4, 1968

*John S. Barton,* for the appellants (defendants).

*David J. Frauenhofer,* with whom were *Thomas F. Wall, Jr.,* and, on the brief, *Thomas F. Wall,* for the appellee (plaintiff).

ALCORN, J.   The defendants have appealed from the denial of their motion to open a default judgment which was rendered against them in an action brought on January 4, 1957, in which the plaintiff sought to recover a balance due him on a contract and for labor and materials furnished to the defendants.

The judgment recites that an attorney appeared for both defendants in February, 1957, and was granted permission to disappear in April, 1957. Other attorneys appeared for both defendants in May, 1957, and filed an answer and a special defense. The case was claimed for the trial list in May, 1957, and was assigned for trial in October, 1958, February, 1959, and March, 1959. In March, 1959, another attorney appeared for the defendant Earl Willametz, and the case was again assigned for trial in June, 1959, and twice in February, 1961. In March, 1961, the attorneys who had appeared for both defendants in May, 1957, were granted permission to withdraw their appearance. The case was continued on the docket in 1962, 1963, 1964, and 1965. It was again assigned for trial on September 23, 1965, and, on that date, the court, on the plaintiff's motion, defaulted the defendant Josephine Willametz for nonappearance and Earl Willametz for failure to appear for trial. On the same date, the court (Sidor, J.), after hearing the plaintiff, rendered judgment for damages against both defendants in the amount of $3002.86, of which $1059.26 was interest. The clerk notified the defendants of the judgment on September 25, 1965. Four days later, both defendants appeared in court and stated that the attorney who had appeared for Earl Willametz in March, 1959, did not represent them and that they had relied on the clerk to notify them of assignments. Neither

defendant had ever filed a pro se appearance, however. On January 20, 1966, still another attorney appeared for both defendants and filed the motion to open the judgment, the denial of which is now in issue. Following a hearing, the court *(McGrath, J.)* denied the motion on January 28, 1966, and new counsel are prosecuting the present appeal.

The motion, signed and sworn to by the defendants, alleged that the attorney who had appeared for Earl Willametz in March, 1959, had been engaged to appear for both defendants and that Josephine Willametz had no reason to believe that he had not done so. This claim was contrary to what the defendants had stated to the court four months earlier. The motion also alleged that Josephine Willametz had had nothing to do with the contract sued on, that the plaintiff had worked for Earl Willametz but that the latter did not owe him the amount awarded in the judgment, that neither defendant was notified of the assignment for trial on September 23, 1965, that judgment was rendered on that date without their having had an opportunity to be heard, and that notice of the judgment was received by them on September 25, 1965.

The power of a court to open a default judgment is controlled by § 52-212 of the General Statutes.[1] Action on the motion rests in the sound discretion of the court. *Testa* v. *Carrolls Hamburger System,*

[1] "Sec. 52-212. REOPENING JUDGMENT UPON DEFAULT OR NONSUIT. Any judgment rendered or decree passed upon a default or nonsuit in the superior court, the court of common pleas or the circuit court may be set aside, within four months succeeding the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good defense

*Inc.,* 154 Conn. 294, 300, 224 A.2d 739. The court found, in substance, that the defendants did not appear for trial on September 23, 1965, because of their own neglect. It found that neither defendant was prevented from appearing by mistake, accident, inadvertence, misfortune or other reasonable cause. The defendants have assigned error in these findings and in the court's refusal to find that Earl Willametz was represented by counsel who refused to act for him at the trial. At the hearing on the motion, both sides were represented, and counsel recounted the plaintiff's several appearances for trial and the defendants' repeated absences, as well as other conduct relating to the case over the years. It is unnecessary to repeat that recital. The defendants' only offer of evidence was to prove the claim of Josephine Willametz that she had no connection with the transaction which was the subject of the action. She had pleaded this claim in the special defense filed in May, 1957, and the default which had been ordered by the court precluded her from making any further defense on this issue. *Culetsu* v. *Dix,* 149 Conn. 456, 458, 181 A.2d 116; *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 33, 82 A.2d 146; *Fresenius* v. *Levy,* 94 Conn. 244, 246, 108 A. 540. The court did not abuse its discretion in refusing to hear this proffered evidence. The defendants are not entitled to any correction in the finding.

in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the defendant was prevented by mistake, accident or other reasonable cause from appearing to make the same. Such complaint shall be verified by the oath of the complainant or his attorney, shall state in general terms the nature of the defense and shall particularly set forth the reason why the defendant failed to appear. The court shall order reasonable notice of the pendency of such complaint to be given to the adverse party, and may enjoin him against enforcing such judgment or decree until the decision upon such complaint."

In the court's consideration of the motion to open the judgment, "the orderly administration of justice requires that relief be denied unless the moving party alleges and shows reasonable cause for relief under the statute." *Testa* v. *Carrolls Hamburger System, Inc.,* supra, and cases cited. No attempt was made either to allege in the motion or to show at the hearing before the court any mistake, accident or other reasonable cause for the alleged failure of Josephine Willametz to appear or be represented or of Earl Willametz to receive notice of the assignment of the case for trial. No abuse of discretion appears in the court's denial of the motion.

The defendants attempt to raise, for the first time, in their brief, an issue over the fact that the judgment which they sought to open was rendered after a hearing which immediately followed the order of default. See General Statutes §§ 52-220, 52-221; Practice Book §§ 192, 287-96. This procedural question was not raised in or passed on by the trial court in the hearing on the motion to open the judgment, it was not included in the claims of law for review on this appeal, and it was not made the subject of an assignment of error. We are not required to consider errors which are not assigned or to pass on questions which were not ruled on by the trial court adversely to the appellant. Practice Book § 652; *Solari* v. *Seperak,* 154 Conn. 179, 184, 224 A.2d 529; *Hilts* v. *Taft,* 151 Conn. 556, 558, 200 A.2d 483, and cases cited.

There is no error.

In this opinion the other judges concurred.