ANDREW KUSHWARA *v.* STEPHEN KALETA

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 5-659-5487

Argued June 2—decided August 22, 1969

*Herbert S. Savitt,* of Ansonia, for the appellant (defendant).

*Robert Kapusta,* of Milford, for the appellee (plaintiff).

KINMONTH, J.   This action was brought in two counts.  The first count alleged a breach of contract and the second count alleged a breach of warranty. The court found the issues for the plaintiff on the first count and for the defendant on the second count, and the defendant appealed.[1]  In his assignments of error the defendant claims that the court erred in refusing to correct its finding by adding certain facts and striking other facts and, further, in reaching certain of its conclusions.   Most of the corrections sought relate to damages, and the defendant's argument and brief deal primarily with this subject.

The finding, with the corrections to which the defendant is entitled, may be summarized as follows: The plaintiff and his wife owned and occupied premises at Oxford Road, Seymour, Connecticut, and on or about May 18, 1961, the plaintiff executed a written contract with the defendant to instal a swimming pool on the premises for $4500.   The contract contained a warranty by the defendant that "all materials used in completing the pool installation shall be of good quality, and that all work will be done in a competent and workmanlike manner." The pool was completed on June 23, 1961, and was used by the plaintiff during the summer of 1961. The pool began to develop leaks in the fall of 1961, and the plaintiff notified the defendant.  In the spring of 1962, the defendant performed corrective work on the pool, and it was used by the plaintiff during the summer of 1962.  In the fall and winter of 1962, the pool again developed leaks.  In the spring of 1963, corrective work was performed by the defendant by

[1] The plaintiff's brief and argument dealt mainly on the second count, but inasmuch as there was no cross appeal in this case the question of breach of warranty is not before us.

using a backhoe to pound the wall panels into place, by caulking seams, and by fixing cracks in the cement floor. The plaintiff used the pool in the summer of 1963. In the fall and winter leaks again occurred, and after consultation with the defendant the plaintiff, in 1964, hired one Mairano to instal a curtain drain for $700. The plaintiff used the pool in the summer of 1964, but in the fall and winter leaks again occurred and the plaintiff and Mairano made repairs. The plaintiff used the pool in the summer of 1965, but in the fall and winter the pool again leaked and the plaintiff despaired of fixing it and did not use it again. The plaintiff spent about $300 for various caulking compounds for the pool. The total out-of-pocket expenses of the plaintiff for repairs to the pool, including both labor and materials, were $1000. The defects in the pool leading to the leaks included defective quality and inadequate strength of the cement and its excessive porosity, crumbling and cracking; defective installation and improper location of the reinforcing wire; and failure and neglect to protect the entire installation against cracking or leaking, or accelerated deterioration by frost action due to impervious condition of the soil.

From these facts the court concluded, among other things, that the defendant had broken his contract; that the plaintiff's abandonment of the use of the pool in 1965 was reasonable and prudent; that the damages sustained by the plaintiff consist of the original contract price ($4500) plus his repair expenses to date ($1000), less an allowance for depreciation and for the use of the pool from 1961 to 1965, inclusive; and that the fair and reasonable sum for the damage sustained by the plaintiff is $4300.

The conclusions reached by the court must stand unless they are legally or logically inconsistent with the facts found or unless they involve the applica-

tion of some erroneous rule of law. *Schurgast* v. *Schumann,* 156 Conn. 471, 478. The plaintiff's complaint alleges a breach of contract and that the defendant has failed to correct the condition though repeatedly requested to do so by the plaintiff. No other allegation of damages appears. The defendant contends that the court went beyond the allegations of the complaint when it found that the pool had been abandoned and was of no value. " 'We have departed very far from the strictness of the old common-law doctrine of variance and now discourage claims based upon it, regarding them only where there is a disagreement between the allegations and the proof in some matter essential to the charge or claim. . . . "However, it remains true that the plaintiff's allegations are the measure of his right of recovery. This is necessary in order to maintain regularity in procedure, and it makes for just decisions that the plaintiff should not be allowed to recover for a cause which he did not fairly allege in his pleading." ' . . . Every variance is not a fatal one. Where the difference between the allegations and the proof is so slight and unimportant that the adverse party is not misled, it is generally treated as an immaterial variance, but where the difference is so substantial that the adverse party is misled by the averment and would be prejudiced on the merits of the case, it may be held to be a fatal variance." *Reciprocal Exchange* v. *Altherm, Inc.,* 142 Conn. 545, 551, 552; *Antonofsky* v. *Goldberg,* 144 Conn. 594, 599.

The complaint alleged damages for failure to repair the pool, but there was no evidence introduced as to what this figure might be. The defendant, relying on this, rested his case without introducing any evidence. It is still the law that the allegations of the complaint provide the measure of recovery. *Willametz* v. *Guida-Seibert Dairy Co.,* 157

Conn. -295, 302. The test was whether the variance misled or prejudiced the defendant on the merits of the case. The finding discloses nothing to take the case out of the general rule. This was no immaterial variance of no consequence to anyone. It was not a variance of which the defendant had notice during the trial and which, by making no objection, he waived. It was not a situation where both parties voluntarily participated in the trial of an issue not within the purview of the allegations of the complaint. The finding does not indicate that the defendant was not misled or prejudiced on the merits of the case. As far as appears from the finding, the defendant had no warning, prior to the rendition of the judgment, that he would be exposed to a judgment based on a cause of action for valuelessness of the pool. See *Buol Machine Co.* v. *Buckens,* 146 Conn. 639, 642, 643. A pleading must fairly apprise the court and the adverse party of the claims to be made. *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 558. It follows that the judgment rendered was entirely outside the issues and cannot be supported on any ground, and a new trial must be granted.

As there must be a new trial, we feel it expedient to state the general rule as to damages. " 'The general rule regarding breaches of contract, whether relating to real or personal estate, is that the injured party shall recover that compensation which will leave him as well off as he would have been had the contract been fully performed. . . . There is no unbending rule as to the evidence by which such compensation is to be determined. . . . But "the object of the parties ought to be attained as nearly as possible; and that is, that the specific act agreed to be done should be performed. If the party omits to do what he stipulated, it is just, as a reasonable substitute, that he should pay the precise value of

the thing which he contracted to do; and such value to be estimated at the time when the act in question should have been executed." . . . Such value may often properly be shown by proof of what it would cost to perform the omitted acts.' The general intention of the law giving damages in an action for the breach of a contract is to put the injured party, so far as it can be done by money, in the same position as he would have been if the contract had been performed." *Bachman* v. *Fortuna,* 145 Conn. 191, 194; *Lee* v. *Harris,* 85 Conn. 212, 214. In the case of a defaulting building contractor, the situation is normally that of recovering the reasonable cost of getting the work done by another. *Goldblatt* v. *Ferrigno,* 16 Conn. Sup. 506, 510. He who seeks to recover damages must establish a reasonable probability thereof and lay a foundation which will enable the trier to make a fair and reasonable estimate of the amount of the loss. From the court's finding, we are unable to discover how the court arrived at the award given. The court's conclusions are not supported by the facts found.

The defendant also claims error in the failure of the court to apply § 52-77 of the General Statutes in awarding damages. Because this claim is made for the first time in the brief, we do not consider it. Practice Book § 652; *Hilts* v. *Taft,* 151 Conn. 556, 558.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion KOSICKI and DEARINGTON, Js., concurred.