A. Franklin Mahoney, J.
On January 4, 1957 the defendant started an action on a contract against the plaintiff and her son in the Court of Common Pleas, Judicial District of Waterbury, State of Connecticut. On February 11, 1957 an attorney filed a note of appearance on behalf of the plaintiff (one of the defendants in the Connecticut action) and, next, on May 16, 1957 an answer Was filed. The case was noticed for trial and thereafter assigned* for trial on March 10, 1959. Six and one-half years later a default judgment in favor of defendant (plaintiff in Connecticut action) was granted in the sum of $3,002.86 plus $122.70 in costs. On January 28, 1966 a motion to reopen the judgment was denied. An appeal was taken to the Connecticut Supreme Court and Judge Alcorn, writing for that court, noted that the court below did not abuse its discretion in refusing to hear proof that Josephine Willametz (plaintiff herein) had no connection with the transaction which was the subject of the action. Further, the Judge found no evidence of mistake, accident or other reasonable cause of the failure of Josephine Willametz to appear for trial. Judge *485 Alcorn found no error and in this opinion his fellow Supreme Court Judges concurred (156 Conn. 6).
On March 6, 1969 Josephine Willametz commenced an action in this State for money damages on the ground that the Connecticut judgment was fraudulently obtained. The complaint alleges that the fraud consisted of testimony that Josephine Willametz was associated with the subject matter of the Connecticut action when, in fact, she was a stranger to the proceeding. The case was reached for trial at the May Supreme Court Term in Columbia County. By stipulation the attorneys consented to treat the matter as a Special Term motion to dismiss the complaint (CPLR 3211).
A judgment by default is as conclusive as any other judgment (Crouse v. McVickar, 207 N. Y. 213). The plaintiff in this case unsuccessfully moved to set aside the default judgment and then appealed to the highest court in the State of Connecticut. That court unanimously affirmed the denial of the motion to open the default judgment and in so doing stated that Josephine L. Willametz had been properly precluded from offering proof that she was not connected "with the subject matter of the action.
Section 1 of article IY of the Constitution of the United States provides that ‘ ‘ Full Faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings of every other State ”. In practice this constitutional mandate bars a court from subjecting the statutes of another State to collateral attack and denying them the force and dignity accorded them in the State of their enactment (9 N. Y. Jur., Constitutional Law, §§ 366, 367, 368, pp. 256-257). In this matter the Supreme Court of Connecticut relied upon section 52-212 of the General Statutes of that State in affirming the decision of the lower court. That statute required a showing of ‘ ‘ reasonable cause” to open a default judgment and the court found none. The Connecticut Supreme Court judgment is entitled to “ Full Faith and Credit ” in this State.
Next, the issue of the connection, if any, of Josephine Willametz, with the subject matter of the Connecticut action was fully litigated between the same parties in that action. The plaintiff is collaterally estopped from relitigating the same issue in any action in this State (Schwartz v. Public Administrator of County of Bronx, 24 N Y 2d 65).
Motion to dismiss the complaint is granted.

 Comparable to being added to our day calendar.