## A.D.C. Contracting and Supply Corporation v. Thomas J. Riordan, Inc., et al.

Cotter, C. J., Loiselle, Bogdanski, Peters and Parskey, Js.

Argued January 10—decision released February 6, 1979

*M. L. Bloomenthal,* for the appellants (defendants).

*Prescott W. May,* for the appellee (plaintiff).

Per Curiam. In July of 1974, the defendant Thomas J. Riordan, Inc., entered into a contract with the state of Connecticut for the construction of an addition to the Norwalk State Technical College. Pursuant to the terms of that contract the defendant Aetna Casualty and Surety Company furnished a performance bond for the protection of persons supplying labor and materials.

The plaintiff furnished labor and materials to a subcontractor of the defendant Riordan. When it did not receive payment for services and materials provided, the plaintiff brought suit on the bond. The plaintiff filed a motion for disclosure of defense to which the defendants responded by filing a disclosure of defense alleging a lack of privity between the parties. On January 7, 1977, the defendants agreed that lack of privity was not a valid defense and that a default would enter, subject to its being

set aside if a valid defense were filed within one week. No defense was filed within the agreed period.' The defendants subsequently filed a supplemental disclosure of defense and a motion to open the default judgment, which motion was denied by the court.

The defendants contend that the court erred in ordering a default inasmuch as the disclosure of defense filed by the defendants had never been expunged, and that the court, in granting the default, improperly made a determination on "the truth or legal sufficiency" of their claimed defense. The record, however, reveals that the court entered the default not because it questioned the legal sufficiency of the defense but because the defendants agreed that the defense put forth was not a valid defense. Under these circumstances the court did not err in entering a default.

The defendants next argue that the court erred in denying their motion to set aside the default in view of the "supplemental disclosure of defense" filed on January 21, 1977.

We note first that the "supplemental disclosure" was not filed within one week after the granting of the default as agreed upon by the parties. Whether to open the default judgment was, therefore, within the sound discretion of the court. "The power of a court to open a default judgment is controlled by § 52-212 of the General Statutes"; *Munch* v. *Willametz,* 156 Conn. 6, 9, 238 A.2d 424 (1968); which provides in pertinent part that a judgment rendered upon a default may be set aside upon a showing that "a good defense . . . existed at the time of the rendition of such judgment . . . *and* that the defendant

was prevented by mistake, accident or other reasonable cause from . . . [making] the same." (Emphasis added.) General Statutes § 52-212.

After examining the "supplemental disclosure" and questioning counsel as to the allegations contained therein, the court concluded that the alleged defenses were not valid and denied the motion to open the default. It is well settled that "[t]he denial of such a motion should not be held to be an abuse of discretion in any case in which it appears that the defendant has no defense; *Bellonio* v. *V.R. Thomas Mortgage Co.,* 111 Conn. 103, 105, 149 A. 218; or that he has not been prevented from appearing by mistake, accident or other reasonable cause. *Automotive Twins, Inc.* v. *Klein,* 138 Conn. 28, 34, 82 A.2d 146; *Barton* v. *Barton,* 123 Conn. 487, 490, 196 A. 141." *Jacobson* v. *Robington,* 139 Conn. 532, 536, 95 A.2d 66 (1953).

From our review of the record, we conclude that the trial court did not abuse its discretion in refusing to open the default judgment.

There is no error.