[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Coric, Administrator of the Estate of Robert Freeman, hereinafter Freeman, was defaulted in both cases. In the Karp case, the default entered for failure to plead on July 25, 1995. Ten months later, May 17, 1995, after the plaintiff claimed the case for a hearing in damages, the defendant moved to set aside the default. The plaintiff, Herbert Karp, hereinafter Karp, opposes that motion.
In the Higgins case, the defendant, Freeman, was defaulted for failure to plead on August 26, 1994. On May 17, CT Page 7340 1995, the defendant, Freeman, moved to open the default in theHiggins case, nine months later. The plaintiff, Higgins, also opposes that motion.
Both defaults entered several months prior to May 17, 1995. Section 376 of the Practice Book provides that a motion to set aside a default where no judgment has entered may be granted by the court for good cause shown.
Good cause has been defined as a substantial reason, amounting in law to a legal excuse for failing to perform an act required by law, and a legally sufficient ground or reason. Roberto v. Honeywell, Inc., 33 Conn. App. 619, 626
(1994).
The plaintiffs, Karp and Higgins, commenced these actions claiming that the deaths of the plaintiff's decedents were caused by the negligence of the defendant. After the defendant failed to appear, a default for failure to appear was granted.
On June 23, 1994, Thomas B. Wilson, Esq. appeared on behalf of the defendant in both cases. Attorney Wilson contacted AIG Aviation, the insurer for the EGH Corporation which owned and operated the plane in which the plaintiffs died. By a letter dated August 1, 1994, to Attorney Wilson, AIG stated. . . "we are refusing your tender to appear on behalf of and defend the Estate of Robert Freeman." (Exhibit 1, Plaintiff Higgins Memo.) Thus, the insurer ordered Wilson not to defend the case, in effect forbidding him to file a pleading.
It is clear to the court from the above referenced letter (Exhibit 1), and a further letter from AIG to Attorney Wilson (Exhibit 1, p. 2), that AIG denied coverage to the defendant, Freeman, and declined to defend the case. In its memorandum, it claimed that Wilson had difficulty investigating and framing defenses to the action due to the estate's insolvency. (Defendant's Memo, p. 4.) Since AIG, the insurer, ordered Wilson not to defend the case, his failure to do so is hardly a justification for the defendant's failure to plead.
The Supreme Court has held that it was proper to deny a motion to open a default where the defendants failed to show they were not "prevented from appearing by mistake, accident, CT Page 7341 inadvertence, misfortune or other reasonable cause." Munch v.Willametz, 156 Conn. 6, 10 (1968).
The defendant has totally failed to demonstrate any valid reason for its failure to plead in a timely manner as required by the cases cited. It is also clear to the court, based upon a reading of the correspondence between Wilson and AIG, that a conscious and calculated decision was made by AIG not to defend these cases.
The appearance of Attorney Paul A. Lange was filed on behalf of the Freeman Estate in lieu of Attorney Wilson on April 21, 1995. Mr. Lange was retained by Freeman's insurer, AIG, to appear and defend the case under a reservation of rights. Thus, AIG originally decided not to provide coverage or defend these cases. It has now apparently decided to provide a defense under a reservation of rights. The court does not find this reversal of the company's decision to defend adequate reason to open the default judgments.
The Appellate Court recently stated, "we cannot agree that changing one's mind is sufficient good cause to violate a rule of practice." Connecticut Bank Trust Co., N.A. v.Reckert, 33 Conn. App. 702, 707 (1995).
The fact that the defendant not only failed to state a good cause for its failure to answer, but also failed to give any reason at all, alone suffices to mandate denial of the motion to open the default.
None of the arguments of the defendant relate to the failure to defend. All the arguments are based upon possible effects of a denial of the motion to open the default. Such arguments are in no way persuasive to excuse the defendant from filing an appropriate pleading in a timely manner.
Accordingly, the motion to open the default is denied. The hearing in damages is to proceed as previously ordered on July 24, 1995.
Hurley, J. CT Page 7342