******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

COMPASS BANK *v.* JEFFREY S. DUNN ET AL.
(AC 42026)

DiPentima, C. J., and Alvord and Flynn, Js

*Syllabus*

The plaintiff bank sought to foreclose a mortgage on certain real property owned by the defendants J and D. Following its motion for judgment of strict foreclosure, the plaintiff filed a demand for disclosure of defense under the applicable rule of practice (§ 13-19). J and D timely responded with a disclosure of defense. The trial court thereafter granted the plaintiff's motion for default for failure to disclose a "proper defense" as a means to delay the action and overruled J and D's objection. The court granted the plaintiff's motion for judgment of strict foreclosure and rendered judgment thereon, from which J and D appealed to this court. *Held* that the trial court improperly granted the plaintiff's motion for default and, accordingly, the judgment of the trial court was reversed; J and D properly complied with the requirements of § 13-19 by timely disclosing their defense, stating their counsel's belief that the defense was bona fide and setting forth the nature or substance of the defense, and the court made no findings as to the good faith and intentions of the defendants' counsel in filing the defense as required by *Jennings* v. *Parsons* (71 Conn. 413).

Argued September 24, 2019—officially released February 25, 2020

*Procedural History*

Action to foreclose a mortgage on certain of the real property of the named defendant et al., brought to the Superior Court in the judicial district of Middletown, where the court, *Aurigemma, J.*, granted the plaintiff's motion for default for failure to disclose a defense; thereafter, the court denied the motion of the named defendant et al. to reargue and granted the motion of the named defendant et al. for clarification; subsequently, the court, *Domnarski, J.*, rendered judgment of strict foreclosure, and the named defendant et al. appealed to this court. *Reversed; further proceedings.*

*David Lavery*, with whom was *Jeffrey Gentes*, for the appellants (named defendant et al.).

*Christopher J. Picard*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, C. J. Practice Book § 13-19 is a rule not often considered by either this court or the Supreme Court. We examine it in this appeal, because the defendants Jeffrey S. Dunn and Diane C. Dunn[1] claim that, despite their counsel's compliance with § 13-19, the trial court erroneously granted the motion for default for failure to disclose a defense filed by the plaintiff, Compass Bank. We agree with the defendants and reverse the judgment of the trial court.

The record reveals the following procedural history. These proceedings began with a foreclosure action on March 30, 2017, when the summons and complaint were served on the defendants. On June 28, 2017, the plaintiff filed a motion for a default judgment against the defendants for failing to appear. The motion for default, having been granted, was set aside pursuant to Practice Book § 17-20 (d) when the defendants filed appearances. On August 18, 2017, the plaintiff filed a motion for judgment of strict foreclosure. On August 30, 2017, the defendants filed an answer. On October 4, 2017, the plaintiff filed a demand for disclosure of defense, pursuant to Practice Book § 13-19.[2] The defendants timely responded with a "Disclosure of Defense" on October 11, 2017. In the disclosure, the defendants' counsel stated that the "[p]laintiff has not shown that it is the legal owner of the [n]ote with standing to enforce the [n]ote through these proceedings. That the [defendants have] no knowledge or information concerning the material allegations of [p]aragraph 5 of the [c]omplaint sufficient to form a belief, specifically, who is the current, actual holder of the [n]ote and [m]ortgage that are the subject of this action. The plea of 'no knowledge' is in effect the same as pleading a denial; *Newtown Savings Bank* v. *Lawrence*, 71 Conn. 358, 362, 41 A. 1054 (1899); and a denial is a defense." On April 6, 2018, the plaintiff filed a motion for default for failure to disclose a defense on the basis that the defendants failed to disclose a "proper defense" as a means to delay the action. The defendants filed an objection to the plaintiff's motion on April 9, 2018. The trial court, *Aurigemma, J.*, granted the plaintiff's motion for default and overruled the defendants' objection on April 23, 2018.

On May 10, 2018, the defendants filed both a motion to reargue the motion for default for failure to disclose a defense and a motion for clarification of the court's order. The court denied the motion to reargue on May 11, 2018. The court granted the motion for clarification on May 29, 2018, stating that "[t]he defendants did not interpose a valid defense to a foreclosure action." After determining that it was bound by the law of the case[3] to adhere to Judge Aurigemma's entry of default, the court, *Domnarski, J.*, granted the plaintiff's motion for judgment of strict foreclosure on July 30, 2018. This

appeal followed.

The sole issue on appeal is whether the court incorrectly granted a motion for default for failing to disclose a defense on the ground that no "valid" defense was asserted. Because the issue on appeal concerns the interpretation of a rule of practice, our review is plenary. See, e.g., *Wells Fargo Bank, N.A.* v. *Treglia*, 156 Conn. App. 1, 9, 111 A.3d 524 (2015). We apply the rules of statutory interpretation when interpreting rules of practice. See, e.g., *Meadowbrook Center, Inc.* v. *Buchman*, 328 Conn. 586, 594, 181 A.3d 550 (2018); id. ("The interpretive construction of the rules of practice is to be governed by the same principles as those regulating statutory interpretation. . . . In seeking to determine [the] meaning [of a statute or a rule of practice, we] . . . first . . . consider the text of the statute [or rule] itself and its relationship to other statutes [or rules]. . . . If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence . . . shall not be considered. . . . When [the provision] is not plain and unambiguous, we also look for interpretive guidance to the . . . history and circumstances surrounding its enactment, to the . . . policy it was designed to implement, and to its relationship to existing [provisions] and common law principles governing the same general subject matter . . . . We recognize that terms [used] are to be assigned their ordinary meaning, unless context dictates otherwise." (Citations omitted; internal quotation marks omitted.)).

Practice Book § 13-19 provides in relevant part: "In any action to foreclose . . . in which there is an appearance by an attorney for any defendant, the plaintiff may file and serve . . . a written demand that such attorney present to the court, to become part of the file in such case, a writing signed by the attorney stating whether or not he or she has reason to believe and does believe that there exists a bona fide defense to the plaintiff's action and whether such defense will be made, together with a general statement of the nature or substance of such defense . . . ." Failure to file a responsive disclosure within ten days subjects the defendant to a default and judgment thereon. See footnote 2 of this opinion. From as far back as 1890, the rule focused on the conduct of the attorney in representing to the court the existence of a bona fide defense. See Rules of Practice (1890) c. II, part IV, § 6, in 58 Conn. 561, 577 (1890).[4]

There are only two cases of precedential value that address the issue before us. The seminal case interpreting the rule is *Jennings* v. *Parsons*, 71 Conn. 413, 42 A. 76 (1899). In that case, the defendant, in his answer, sought to set off the full amount of the plaintiff's claim for money owed on promissory notes with money that

the plaintiff owed him. Id., 413–14 (preliminary statement of facts and procedural history). The plaintiff moved to strike the answer and the trial court ordered the defendant to make a disclosure of defense. Id., 414 (preliminary statement of facts and procedural history). The defendant's counsel then orally disclosed that the defendant did not have a defense to the notes contained within the complaint but that the defendant had a set off action against the plaintiff. Id. (preliminary statement of facts and procedural history). In making this disclosure, the defendant's counsel stated that he disclosed a defense and that, in his opinion, it was a good defense. Id. (preliminary statement of facts and procedural history). The trial court ruled in favor of the plaintiff on the motion. Id. (preliminary statement of facts and procedural history). On appeal, our Supreme Court determined that, although "technically a set-off . . . is not a defense, it is in effect one, either in whole or in part." Id., 416. The court then examined the text of the rule and stated that "[t]he express language of this rule gives the court power to render judgment for the plaintiff only in two contingencies: (1) if the attorney shall refuse to disclose as required; or (2) if he shall not satisfy the court that the defense will be made, or trial had." Id. The court found that the defendant had complied with the rule by disclosing the defense and demonstrating that the defense would be made at trial. Id. In reversing the trial court, our Supreme Court explained that it was improper for the trial court to find that, although the defendant had complied with the rule, the defense was not a legal one or available to the defendant. Id., 418. It reasoned that the rule does not empower the court to "pass upon the legal sufficiency of the proposed defense and to render judgment in favor of the plaintiff, if the court found the defense to be legally insufficient." Id., 416. The court explained that "[o]ne of the purposes of the rule is to enable the plaintiff, at an early stage of the proceedings, to ascertain whether a defense is claimed in good faith to exist, and is honestly intended to be made, or whether it is a mere sham defense to be interposed merely for delay. To this end it provides a speedy, informal, and summary way of probing the conscience of the counsel for the defendant with respect to this matter . . . ." Id., 416–17. Accordingly, "[i]f [the defendant] has complied with the rule, that is, has disclosed as required, and satisfied the court of his belief and good faith and intention to make the defense, then the truth or legal sufficiency of it should be left to be tried and determined in the ordinary and regular way." Id., 417. The court clarified that if a disclosed defense is "clearly and palpably untruthful, or irrelevant, or utterly frivolous, it would indicate bad faith on the part of the counsel, and might warrant the court in holding that it was not satisfied either the attorney believed that a bona fide defense existed, or that he intended to make it . . . ." Id., 418.

In this case, in clarifying its entry of default for failure to disclose a defense, the court did not find that the defendants had failed to comply with Practice Book § 13-19, but simply stated: "The defendant[s] did not interpose a valid defense to a foreclosure action." It made no determinations as to the good faith and intentions of the defendants' counsel, as *Jennings* holds it must.

The second case that offers guidance in resolving this appeal is *A.D.C. Contracting & Supply Corp.* v. *Thomas J. Riordan, Inc.*, 176 Conn. 579, 409 A.2d 1027 (1979). In that case, the plaintiff filed a motion for disclosure of defense. In response, the defendants filed a disclosure alleging that there was a lack of privity between the parties as a defense. Id., 579. The defendants later agreed that a lack of privity was not a valid defense to the action and that a default could enter. Id. Subsequently, the defendants filed an untimely motion to open the default judgment, which was denied. On appeal, the defendants argued that the court erred in ordering a default because it improperly examined "the truth or legal sufficiency" of the defense. Id., 580. Our Supreme Court found no error because the court entered default judgment against the defendants "not because it questioned the legal sufficiency of the defense but because the defendants agreed the defense put forth was not a valid defense." Id. As to the denial of the motion to open the default, the court found no abuse of discretion.[5] Id., 581.

Unlike the defendants in *A.D.C. Contracting & Supply Corp.*, the defendants here objected to the plaintiff's motion for default in which the plaintiff argued that "[a] challenge to standing does not create a defense to a foreclosure action. Special defenses asserted by a defendant must address the making, validity, or enforcement of the note and/or mortgage in order to be valid special defenses." Accordingly, it argued, the disclosure of defense was filed "as a means to delay this action." There was no argument that the defense was untruthful, frivolous or made in bad faith.

The court in *Jennings* instructs us that Practice Book § 13-19 should not be read to allow trial courts to "pass on the legal sufficiency of the proposed defense." *Jennings* v. *Parsons*, supra, 71 Conn. 416. Thus, whether a challenge to standing is a defense to a foreclosure action is not at issue in a § 13-19 motion. Rather, the purpose is "to enable the plaintiff, at an early stage of the proceedings, to ascertain whether a defense is in good faith claimed to exist, and is honestly intended to be made, or whether it is a mere sham defense to be interposed merely for delay." Id., 416–17. The court here simply stated that the defendants "did not interpose a valid defense to a foreclosure action"; it made no findings as to the good faith of defense counsel in making the defense or whether the defense was a "mere

sham" made merely for delay.

Accordingly, the defendants properly complied with the requirements of Practice Book § 13-19 by timely disclosing their defense, stating their counsel's belief that the defense was a bona fide one and setting forth the "nature or substance of the defense."

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

[1] There were other defendants named in the complaint but the only defendants appearing in this appeal are Jeffrey S. Dunn and Diane C. Dunn. For clarity, we will refer to Jeffrey S. Dunn and Diane C. Dunn as the defendants.

[2] Practice Book §13-19 provides: "In any action to foreclose or to discharge any mortgage or lien or to quiet title, or in any action upon any written contract, in which there is an appearance by an attorney for any defendant, the plaintiff may at any time file and serve in accordance with Sections 10-12 through 10-17 a written demand that such attorney present to the court, to become a part of the file in such case, a writing signed by the attorney stating whether he or she has reason to believe and does believe that there exists a bona fide defense to the plaintiff's action and whether such defense will be made, together with a general statement of the nature or substance of such defense. If the defendant fails to disclose a defense within ten days of the filing of such demand in any action to foreclose a mortgage or lien or to quiet title, or in any action upon any written contract, the plaintiff may file a written motion that a default be entered against the defendant by reason of the failure of the defendant to disclose a defense. If no disclosure of defense has been filed, the judicial authority may order judgment upon default to be entered for the plaintiff at the time the motion is heard or thereafter, provided that in either event a separate motion for such judgment has been filed. The motions for default and for judgment upon default may be served and filed simultaneously but shall be separate motions."

[3] "[The law of the case] doctrine refers to the binding effect of a court's prior ruling in the same case. Traditionally the doctrine held that until reversed the ruling would bind the parties and could not again be contested in that suit. . . . In essence it expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." (Citation omitted; internal quotation marks omitted.) *Bowman* v. *Jack's Auto Sales*, 54 Conn. App. 289, 292–93, 734 A.2d 1036 (1999).

[4] In fact, until 1978, the rule contained the following language: "[A]nd if such attorney shall intentionally or recklessly make a false statement with a view to procure the continuance or postponement of an action, the court may suspend him from practice as attorney in said court for such time as it shall deem proper." Practice Book (1963) § 176.

[5] The majority of Superior Court judges who have addressed the issue of the legal sufficiency of defenses in the context of Practice Book § 13-19 have relied on *Jennings* to decline to consider the legal sufficiency of the disclosures. See, e.g., *Banco Popular, North America* v. *Ren*, Superior Court, judicial district of Windham, Docket No. CV-09-6000935-S (April 9, 2011); *Geha* v. *Lake Road Trust, LLC*, Superior Court, judicial district of Windham, Docket No. CV-03-0071065 (May 25, 2004); *Bank of America Illinois* v. *Bogardus*, Superior Court, Docket No. CV-97-0060598-S (October 14, 1998); *Norwich Savings Society* v. *Hunter*, Superior Court, judicial district of New London at Norwich, Docket No. 108808 (January 26, 1996); *Citicorp Mortgage, Inc.* v. *Skoronski*, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV-94-0543129-S (July 11, 1995); *Dohn* v. *Simone*, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV-93-0129505 (July 20, 1993) (9 Conn. L. Rptr. 425).