[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 18, 1997, the plaintiff Countrywood Hills Condominium Association, Inc., filed a complaint seeking foreclosure of a statutory lien obtained pursuant to General Statutes § 47-258 (a) for delinquent common charges allegedly owed by the defendant, Debbie Crumb.[1] The amount of the common charges allegedly owed by the defendant is $1,497, for her condominium unit located at 380 Hitchcock Road, Waterbury, Connecticut.
On March 11, 1997, the plaintiff filed a demand for disclosure of defense, pursuant to Practice Book § 236. On April 10, 1997, the defendant complied with the plaintiff's demand, disclosing as her defense that "[t]he complaint is legally insufficient because it fails to allege that the defendant, Debbie Crumb, was given notice of the debt claimed due and owing." On that same date, the defendant filed an answer and one special defense. The special defense restates verbatim the defendant's disclosed defense.
On April 16, 1997, the plaintiff filed a motion to strike both the defendant's special defense and disclosure of defense, on the grounds that "the same are legally insufficient and filed in bad faith." In support of its motion, the plaintiff filed a memorandum of law with one attached exhibit. The file also contains the defendant's memorandum in opposition, dated May 27, 1997. The defendant contends that the plaintiff's motion is improper in three respects: 1) it is an improper speaking motion to strike; 2) a motion to strike a disclosure of defense is procedurally improper, and; 3) the special defense is legally sufficient.
"A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. 20, 21,467 A.2d 442 (1983); Practice Book § 152(5); see also Nowak v.Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). When ruling on a motion to strike a special defense, the court must "take the facts to be those alleged in the special defenses and . . . construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1992). CT Page 8560
1. Bad Faith
The plaintiff contends in its motion to strike that both the disclosure of defense and special defense were made in bad faith. In support of this contention, the plaintiff has attached an exhibit to its memorandum of law to demonstrate that the defendant in fact received notice of the lien.
It is submitted that whether the defendant received notice is not an issue raised by this disclosure of defense. The defendant's disclosed defense and special defense is not that she failed to receive notice, but rather, that the plaintiff failed to plead properly that notice was given to the defendant. Moreover, a motion to strike is used to challenge the legally sufficiency of a special defense. Practice Book § 152(5). Claiming that the special defense was made in bad faith is not a challenge to the defense's legal sufficiency and is therefore not a proper ground for a court to strike the defense. Even if it was a proper ground, the plaintiff, by attaching this exhibit to its motion, is asking the court to look outside the pleadings. "Where the legal grounds for such a motion are dependant upon underlying facts not alleged in the . . . pleadings, the [movant] must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). Such would transform the motion into an improper "speaking" motion to strike.
Therefore, insofar as the plaintiff seeks to strike the defendant's disclosure of defense and special defense on the ground of bad faith, its motion to strike is denied.
2. Legal Insufficiency
 A. Disclosure of Defense
The plaintiff first contends that the defendant's disclosure of defense is legally insufficient. "A disclosure of defenses is not one of the enumerated pleadings which may be tested by a motion to strike pursuant to Practice Book 152." County ofFairfield Trust Co., v. Malloy, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 120289 (April 19, 1994, Karazin, J.)(9 CSCR 554). "Practice Book § 236 is adiscovery mechanism for a plaintiff in certain cases to demand a defendant to disclose any bona fide defenses that the defendant CT Page 8561 believes exists." (Emphasis in original.) Derby Savings Bank v.Benedetti, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 050760 (April 23, 1996, Curran, J.). "[C]ourts have uniformly refused to address the legal sufficiency of a disclosure of defense brought pursuant to section [Practice Book §] 236." Dohn v. Simone, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 129505 (July 20, 1993, Lewis, J.) (8 CSCR 879).
Therefore, insofar as the plaintiff seeks to strike the defendant's disclosure of defense, its motion is denied.
B. Special Defense
The defendant's special defense essentially asserts that the plaintiff's complaint is legally insufficient because it fails to allege adequately that the defendant was given notice. The plaintiff claims that this defense is itself legally insufficient and should be stricken. The court agrees.
"Liens for delinquent common expense assessments of individual units within an association are creatures of statute." Hudson HouseCondominium Assn., Inc. v. Brooks, 223 Conn. 610, 614, 611 A.2d 862
(1992). General Statutes § 47-244 (a)(10) of the Common Interest Ownership Act (CIOA) provides that a condominium association may "[i]mpose and receive any payments, fees or charges . . . for services provided to unit owners." General Statutes § 47-258
(a) provides that "[t]he association has a statutory lien on a unit for any assessment levied against that unit. . . ." "The association's lien may be foreclosed in like manner as a mortgage on real property." General Statutes § 47-258 (j).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book § 164." Grant v. Bassman, 221 Conn. 465, 472-73,604 A.2d 814 (1992). "At common law, the only defenses to an action of [foreclosure] would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien." (Citation omitted.) Petterson v. Weinstock, 106 Conn. 436, 441,138 A. 433 (1927). The Connecticut Supreme Court has stated, however, that "[a]n action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties." Glotzer v. Keyes, 125 Conn. 227, 231, 5 A.2d 1
CT Page 8562 (1939). "[W]hen the foreclosure is of a mortgage, courts, principally on equitable considerations, have branched out and permitted defenses and claims for affirmative relief based on theories as diverse as mistake, accident, fraud, equitable estoppel, laches, tender of deed in lieu of foreclosure, breach of the implied covenant of good faith and fair dealing, refusal to agree to a favorable sale to a third party and CUTPA." WatchHill Condominium, Inc. v. Van Eck, Superior Court, judicial district of New Haven, Docket No. 344796 (June 14, 1996, Barnett, J.) (17 Conn. L. Rptr. 198). However, "[w]hen the foreclosure is by a condominium association against a unit owner and is predicated upon common charges, special assessments and other items made lienable by statute, the Connecticut cases do not exhibit diversity regarding special defenses and counterclaims."Id.
General Statutes § 47-258 (d) states that "[r]ecording of the declaration constitutes record notice and perfection of the lien. No further recordation of any claim of lien for assessment under this section is required." In Hayes House Condominium v.Galvez, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 099447 (January 8, 1991, Katz, J.), the court held that the plaintiff condominium association's allegation that it was an association existing pursuant to a recorded declaration complied with General Statutes § 47-258
(d) notice and perfection of lien requirements. Accordingly, the court found that the association had a valid cause of action to foreclose its condominium lien for unpaid common charges pursuant to General Statutes § 47-258.
There is no provision in the CIOA[2] indicating that notice of the lien for common charges is required to be made upon the unit owner in order to foreclose that lien.[3] In fact, General Statutes § 47-258 (h) states that "[t]he association onwritten request shall furnish to a unit owner a statement in recordable form setting forth the amount of unpaid assessments against the unit." (Emphasis added). In the present case, there is no indication from the pleadings that the defendant made such a request.
Paragraph 3 of the complaint, admitted by the defendant in her answer, states that "[t]he plaintiff . . . has a Statutory Lien against said premises for unpaid condominium fees and charges including common expenses . . . chargeable to the premises by virtue of Connecticut General Statutes § 47-258, CT Page 8563 and by virtue of Declaration of Condominium recorded on January 7, 1987 in Volume 2013, Page 14 of said Land Records, as the same has been amended." Paragraph 4 of the complaint states that "[c]harges given right to said Statutory Lien are owed by the defendant, Debbie Crumb, in the amount of $1,497.00 and payment has not been made, despite demand therefor [sic]. . . ."
Plaintiff has alleged sufficient facts to state a valid cause of action to foreclose its statutory lien for delinquent common charges. The defendant's special defense, which attacks the legal sufficiency of the plaintiff's complaint, is itself legally insufficient and therefore the plaintiff's motion to strike that defense is granted.
For the foregoing reasons the court denies plaintiff's motion insofar as it seeks to strike the disclosure of defense but grants the motion as to the special defense.
KULAWIZ, J.